Willie BURTON Jr. *v.* STATE of Arkansas

CR 76-126                                    543 S.W. 2d 760

Opinion delivered November 22, 1976

*Woodward & Kinard, Ltd.,* by: *Michael G. Epley,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant represented himself before a jury which found him guilty of forgery and uttering and assessed his punishment, as a habitual criminal, at ten years' imprisonment on each charge. The court ordered the sentences to be served concurrently.

Appellant contends through court appointed appellate counsel that the trial court erred in refusing to appoint another trial attorney after appellant and his court appointed counsel, Mr. Black, were unable to agree on defense strategy and, further, the court erred by failing to adequately warn appellant of the risks involved in conducting his own defense. Mr. Black had recommended before trial that appellant plead guilty in view of the state's evidence and the prosecutor's offer of a five year sentence on a guilty plea to the present and additional charges. Appellant rejected the plea bargain. At trial the appellant insisted on his right to represent himself if he could not have another court appointed attorney. Mr. Black told the court "I did not inform this defendant that I would not try the case or that I could not represent him in court." The appellant stated that although his court appointed counsel "was willing to fight the case," he preferred to represent himself in view of Mr. Black's recommendation of a plea of guilty. The court explained to appellant that appointment of counsel was done on a rotation basis and he considered Mr. Black a competent and capable attorney. Therefore, the court would not appoint another attorney. Mr. Black, as directed by the court, sat at the counsel table in an advisory capacity to appellant during the trial.

The right to counsel is a personal right and the accused

may knowingly and intelligently waive counsel either at a pretrial stage or at trial. *Slaughter* v. *State*, 240 Ark. 471, 400 S.W. 2d 267 (1966); *Faretta* v. *California*, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *Barnes* v. *State*, 258 Ark. 565, 528 S.W. 2d 370 (1975); and *Williams* v. *State*, 153 Ark. 289, 239 S.W. 1065 (1922). Here the record indicates that the court thoroughly acquainted appellant with his rights and the nature of the charges against him. Further, the trial court went to considerable lengths, including appointment of standby counsel, to insure that appellant had the greatest latitude in his efforts to represent himself. Appellant was no stranger to court room procedures since he admittedly was previously convicted of forgery and uttering. There is no contention that appellant was mentally incompetent. The record discloses that he presented and questioned his witnesses, conducted cross-examination of the state's witnesses, objected to evidence and consulted with his standby appointed attorney. A defendant's technical legal knowledge is irrelevant to the assessment of a knowing exercise of his constitutional right to represent himself. *Faretta* v. *California, supra.* In the case at bar, we hold that appellant knowingly and intelligently elected to voluntarily represent himself.

Appellant next asserts error by the trial court in allowing the state to interrogate appellant about the revocation of a previous suspended sentence for forgery and uttering because of a subsequent conviction. He argues that such a question was improper as a violation of Rule 609 (a) of the Uniform Rules of Evidence. However, the effective date of the Rules is July 1, 1976. Appellant was tried on January 14, 1976. Therefore, Rule 609 (a) is inapplicable. It follows that appellant's conviction of a misdemeanor was admissible as going to the credibility of the witness. *Hays* v. *State*, 219 Ark. 301, 241 S.W. 2d 266 (1951); and Ark. Stat. Ann. § 28-605 (Repl. 1962). Another answer here is that the appellant, during his redirect testimony, discussed the subject of his previous conviction. We find no merit in this assertion.

Appellant's final point is that "[t]he court erred in admitting into evidence during application of the habitual criminal statute, a copy of a penitentiary commitment showing that appellant's suspended sentence was revoked for conviction of a misdemeanor in municipal court." The peniten-

tiary commitment makes no reference to a conviction of a misdemeanor. Further, the subject of his felony conviction was previously discussed by the appellant himself as a witness and during which time he referred to the misdemeanor charge as a "little confusion" which resulted in the revocation of his suspended sentence. The jury found that the appellant had only one previous felony conviction which appellant had freely admitted. In the circumstances we hold that appellant has demonstrated no prejudicial error by the trial court's action.

Affirmed.

We agree: HARRIS, C.J., and BYRD and ROY, JJ.