Ronnie PETTINGILL *v.* STATE of Arkansas

CR 77-5                                        549 S.W. 2d 284

Opinion delivered April 25, 1977
(Division I)

*Forrest L. Jacobi,* for appellant.

*Bill Clinton,* Atty. Gen., by: *B. J. McCoy,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant, represented by court appointed counsel, pleaded guilty to burglary and

grand larceny and was sentenced to a term of 15 years imprisonment in the Arkansas Department of Correction. Subsequently, he filed a *pro se* petition for post-conviction relief pursuant to Rule 37 alleging certain infringements of his constitutional and statutory rights. The trial court granted him a new trial without holding an evidentiary hearing. The state then amended its information alleging appellant was a habitual criminal. Upon a retrial appellant, represented by a different court appointed counsel, was convicted by a jury of the burglary, grand larceny charges and, also, being a habitual criminal. His punishment was assessed at 31 1/2 years in the Arkansas Department of Correction. For reversal appellant contends, through his court appointed trial counsel, that the trial court erred by granting his *pro se* petition, as an indigent, for post-conviction relief inasmuch as appellant "did not knowingly and intelligently waive his right to counsel and was thereby denied his constitutional right to equal protection." In effect appellant asserts he should have had counsel to advise him in the preparation and filing of his *pro se* petition. Therefore, the court should not have granted his *pro se* petition. This novel argument is wholly without merit.

"A defendant's technical knowledge is irrelevant to the assessment of a knowing exercise of his constitutional right to represent himself." *Burton* v. *State,* 260 Ark. 688, 543 S.W. 2d 760 (1976); *Faretta* v. *California,* 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). The trial court is not obliged to appoint counsel even for the resolution of the issues presented in a post-conviction relief petition if an evidentiary hearing is not necessary. *Dyer* v. *State,* 258 Ark. 494, 527 S.W. 2d 622 (1975).

Further, it cannot be said here that appellant was a stranger to courtroom procedure since it was alleged and proved that he was a habitual criminal. Additionally, he had originally pleaded guilty to the burglary and grand larceny charge to which he had confessed and this confession was not controverted in the case at bar.

We hold that appellant has demonstrated no infringements of his constitutional rights.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.