Leza PRICE, Jr. *v.* STATE of Arkansas

CR 80-44                                              597 S.W. 2d 598

Supreme Court of Arkansas
Opinion delivered April 28, 1980

*Givens & Buzbee*, by: *Art Givens*, for petitioner.

*Steve Clark*, Atty. Gen., by: *Joseph H. Purvis*, Asst. Atty. Gen., for respondent.

RICHARD L. MAYS, Justice. The petitioner, Leza Price, Jr., was found guilty by a jury of theft of property and sentenced to 20 years imprisonment and fined $15,000.00. The Court of Appeals affirmed his conviction. We affirm the Court of Appeals.

The primary question presented by the petitioner is whether evidence of other crimes should have been admitted during his trial to prove that he was guilty of the crime charged.

The major evidence against the petitioner came from an alleged accomplice, Billy Reno, and a tape recorded telephone conversation between petitioner and a police informant, Elouise Passmore. Reno testified that the petitioner persuaded him to steal a 1977 Cadillac from Landers Auto Sales in Benton, Arkansas, on December 14, 1978, which petitioner had identified during an earlier visit to the car lot in which petitioner allegedly distracted the sales personnel while Reno secured the keys to the car. When Reno returned later that night to the car lot in a truck which was owned and allegedly driven by petitioner, he was shot in the chest as he prepared to drive the Cadillac off the lot.

Although petitioner admitted going to the car lot when Reno admittedly obtained the keys to the Cadillac, he indicated that he only went to help Reno buy a car and denied any knowledge of or participation in the car theft. However, in a telephone conversation with the police informant which

the informant recorded, petitioner made statements which intimated involvement in the Reno car theft and admitted involvement in other car thefts. Arguing that the other car theft references on the tape recording were irrelevant and prejudicial, petitioner contends that they should have been excluded from evidence by the trial judge.

The legal standard governing the use of evidence of other crimes to establish the commission of another is expressly addressed by Ark. Stat. Ann. § 28-1001, Rule 404 (b) (Repl. 1979) which provides:

> (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof or motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Although petitioner contends that Rule 404(b) prohibits the introduction of testimony of other criminal activity, the rule clearly permits such evidence if it has relevancy independent of a mere showing that the defendant is a bad character. In other words: "If other conduct on the part of the accused is independently relevant to the main issue — relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal — then evidence of that conduct may be admissible, with a proper cautionary instruction by the court." *Alford* v. *State,* 223 Ark. 330, 334, 266 S.W. 2d 804 (1954).

Once the independent relevancy of other crimes evidence is established, it logically follows, as the Court of Appeals properly recognized in its decision, that other crimes evidence should be scrutinized under the substantial prejudice rule of 403 of the Uniform Rules of Evidence, irrespective of whether the issue is explicitly raised by the defendant before such evidence is admitted. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the

danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This approach has been followed in numerous jurisdictions, *United States v. Conley,* 523 F. 2d 650 (8th Cir. 1975), Cert. denied 424 U.S. 920, 96 S. Ct. 1125, 47 L. Ed. 2d 327 (1979), *United States v. Sangrey,* 586 F. 2d 1312 (9th Cir. 1978), and we adopt it today.

Although Rule 404(b) does not expressly provide for a balancing test with respect to the prejudicial effect of other crimes evidence where independent relevancy is established, the primary reason for excluding such evidence in the first instance is its prejudicial nature. Since an objection to the admission of other crimes evidence inherently raises an issue of prejudice, it is mandatory for the trial judge to also review the objections under the evidentiary standards prescribed by Rule 403. Therefore, other crimes evidence will be admitted only if it has independent relevancy and its relevancy is not "substantially outweighed" by the danger of unfair prejudice. These are issues which the trial judge has wide discretion in deciding, and he will not be reversed on appeal unless he has abused such discretion. *Arkansas Power & Light Co. v. Johnson,* 260 Ark. 237, 538 S.W. 2d 541 (1976).

Following this approach in the case at bar, it is clear that the petitioner's incriminating references on the tape recording to other criminal activity had independent relevancy. Since the petitioner denied knowledge of Billy Reno's attempted car theft, references that "we" had "this car" or delivered "that truck" in the context of complaining about a "buddy" who was shot while trying to steal a car indicates guilty knowledge of the criminal offense with which petitioner was charged. The other crimes admissions were also particularly valuable in corroborating the testimony of petitioner's alleged accomplice. *Pace v. State,* 267 Ark. 610, 593 S.W. 2d 20 (1980). Although evidence of other crimes always has some potential for prejudice, we cannot say that the potential for prejudice in this case substantially outweighs its probative value, especially in light of petitioner's

denials and his failure to request the trial judge to give a cautionary instruction, *Alford, supra* and *Logan* v. *State,* 264 Ark. 920, 576 S.W. 2d 203 (1979). Consequently, we conclude that petitioner's incriminating references to other crimes were properly admitted by the trial judge.

Petitioner raises one other issue concerning the trial judge's denial of a motion for mistrial which his attorney made after the prosecutor analogized petitioner to "higher-up dope traffickers" during closing argument. The trial court has broad discretion in controlling, supervising and determining the propriety of arguments of counsel, and its exercise will not be reversed in the absence of gross abuse. *Perry* v. *State,* 255 Ark. 378, 500 S.W. 2d 387 (1973). Furthermore, a mistrial is an extreme remedy which should only be utilized as a last resort. *Cobb* v. *State,* 265 Ark. 527, 579 S.W. 2d 612 (1979). Petitioner could have minimized any possibility of prejudice by requesting an admonition to the jury. *Logan, supra.* Although we do not encourage inflammatory idioms, we perceive no justification for a mistrial.

Affirmed.