Gregg BERRY *v*. STATE of Arkansas

CR 82-114                                    647 S.W.2d 453

Supreme Court of Arkansas
Opinion delivered March 14, 1983

*James E. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged

with the crimes of kidnapping and attempted rape. The trial court appointed two attorneys to represent him. One had very little experience in the practice of criminal law while the other was described by the trial judge as "one of the most capable criminal lawyers in the whole area, both Arkansas and Texas." The attorney with limited criminal law experience visited appellant in jail once and then the experienced criminal law practitioner solely assumed appellant's defense. In chambers on the morning of trial, while the panel was in the courtroom, appellant filed a handwritten motion requesting that the lawyers appointed be dismissed alleging that: (1) the attorney handling his defense was related to a deputy sheriff; (2) he and the appointed attorney had a personality conflict; and (3) the attorney had visited him in jail only three or four times with the longest visit being 20 to 25 minutes. At the hearing conducted on appellant's motion he additionally argued that material witnesses had not been subpoenaed, that he wanted a different attorney appointed for him, and that he wanted a continuance. The proof showed that the attorney was not related to the deputy sheriff; there were no material witnesses who should be subpoenaed; and the appellant, who has a long criminal record, was the principal cause of the personality conflict. The attorney stated that appellant had advised him that he wanted to represent himself. The appellant's testimony regarding the length of time of the visits by the attorney was substantially different from that alleged in his handwritten petition as he testified that the total time was only 25 minutes. He admitted, however, that he had also talked to the attorney prior to trial by telephone. The attorney, whom the judge termed "most capable" stated that he was as prepared as possible because he had contacted all of the witnesses suggested by appellant but none of them would be beneficial to the defense. He stated that he had spent hours going over the prosecutor's file and did not know of any additional preparation to be conducted.

The trial court repeatedly advised appellant that he could either be represented by his court appointed attorney or represent himself. The appellant refused to make that choice, demanding that the court appoint him a new attorney and grant him a continuance. At one point

appellant stated that upon being granted a continuance, he would retain another attorney. However, after being reminded of his sworn affidavit of indigency he stated he wanted a continuance and the appointment of another attorney. The trial judge then ordered the trial to proceed with appellant representing himself and the appointed attorney sitting at the counsel table to advise him. The jury found appellant guilty on both charges and fixed his sentence at forty years for attempted rape and fifty years for kidnapping. The trial judge assessed the sentences consecutively. Jurisdiction is in this Court because of the length of the sentences. Rule 29 (1) (b). We affirm.

Appellant contends that the trial court erred in forcing him to represent himself and denying a continuance. We find no merit in the argument.

The trial judge did not abuse his discretion in refusing to appoint another attorney. Competent counsel had been appointed, the trial had been scheduled and the jury had been empaneled. Once these factors have occurred, the trial judge, in deciding whether to appoint a new attorney, must also consider the need for orderly court administration and the public's interest in a suitably prompt trial. Appellant was thoroughly acquainted with the court system, the nature of the charges against him and his rights. There is no indication he was incompetent. There was no valid reason given for dismissing appointed counsel. Very few, if any, defendants could be brought to trial against their will if a "personality conflict" with an appointed attorney was a valid cause for dismissal of an attorney. The trial court's requirement that appellant either allow the appointed attorney to represent him or represent himself was proper under the circumstances. *See Burton* v. *State,* 260 Ark. 688, 543 S.W.2d 760 (1976).

Similarly, the question of whether a continuance should be granted is a matter of the trial judge's discretion. *Golden* v. *State,* 265 Ark. 99, 576 S.W.2d 955 (1979). The burden is on the appellant to show there has been an abuse of that discretion. *Cotton* v. *State,* 265 Ark. 375, 578 S.W.2d 235 (1979). Certainly, every denial of a request for more time does

not violate due process or constitutional mandates. *Ungar* v. *Sarafite*, 376 U.S. 575 (1964). There are no simple mechanical tests for testing the trial judge's exercise of discretion. An examination must be made of the facts of each case. Here, an attorney was supplied for appellant because of his indigency. He then asked for a continuance to retain an unnamed attorney. Upon being reminded of his sworn affidavit of indigency he asked for appointment of a different, but still unnamed, attorney. Yet, there was no reason to appoint a new attorney. The alleged relationship of his appointed attorney and a deputy sheriff proved to be false. Appellant could remember the name of only one of the alleged material witnesses who had not been subpoenaed, and a so-called alibi witness was contacted by telephone but was unable to testify to appellant's location on the date of the crime. The court had appointed a competent attorney, skilled in the practice of criminal law, to defend. The request for new counsel may have been made solely for the purpose of obtaining a continuance. It was not made until the panel of petit jurors was waiting in the courtroom. Against this factual background we cannot say the trial court abused its discretion in denying the motion for a continuance.

Appellant contends that the trial court erred in instructing the jury to fix punishment under the habitual offender statute in effect on the date of the commission of the crime rather than the one in effect on the date of the trial. The trial court was correct. Punishment is prescribed by substantive rather than procedural law. *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981). The substantive law to be applied is the law in effect on the date of the commission of the crime. *Smith* v. *State*, 277 Ark. 64, 639 S.W.2d 348 (1982).

Appellant's next argument is that the trial court committed error in refusing to grant a mistrial when a witness stated that the appellant had previously been in prison. During appellant's cross-examination of a State's witness the following took place:

A. You came — some guy brought you and you called from a apartments, the Robindale Apartments.
Q. Robindale Apartments?

A. That's right you called.

Q. Do you remember what I was doing at Robindale Apartments?

A. Yes, you went there becuase you had the address of a girl that I had gave you when you was in the penitentiary.

BY MR. BERRY:

Objection, Your Honor, I ask for a mistrial.

BY THE COURT:

Overruled. You're the one asking the questions.

BY MR. BERRY:

I asked for the address and no more.

BY THE COURT:

You asked what he was doing there. Overruled. Go ahead.

Later appellant recalled the same person as his own witness. The witness testified that a photograph used to identify appellant was taken when the two were together at F.C.I. On cross-examination by the State the witness stated that F.C.I. means "federal correctional institution." Appellant contends that the court again erred in refusing to grant a mistrial.

Appellant personally conducted the witness examination. He knew that he had served part of a sentence in a correctional institution with the witness. Yet, in both instances, he opened up the line of questioning which invited the response given. One who opens up a line of questioning or is responsible for error should not be heard to complain of that for which he was responsible. *Kaestel* v. *State*, 274 Ark. 550, 626 S.W.2d 940 (1982). In addition, the trial court is granted a wide latitude of discretion in granting or denying a motion for mistrial and we do not reverse except for an abuse of that discretion or manifest prejudice to the complaining party. *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 285 (1982). The trial court did not abuse its discretion in refusing to grant a mistrial.

Appellant next contends the evidence is insufficient to support the verdict of guilty for attempted rape. He argues that a person commits a criminal attempt of a crime only

when he engages in conduct which constitutes a substantial step in a course intended to culminate in the commission of an offense. *See* Ark. Stat. Ann. § 41-701 (Repl. 1977). He contends that there was no touching in this case and therefore there was no substantial step toward the commission of the crime of rape.

The appellant had two women in his car. They were on a gravel road in a rural area of Miller County. Appellant pulled a knife from his boot and told the two women he would not hurt them if they behaved. He stated, "I'm just going to take you out in the woods and . . . [have intercourse with] both of you." The women pleaded for him not to hurt them but he responded, "If you don't shut up I am going to hurt you." With the knife in his hand he told them to take their clothes off. The women took their clothes off and he directed them to put their outer clothes back on and put their underclothing under the car seat. Appellant then forced the women to walk into the woods. After a struggle they escaped. This testimony is more than sufficient for the jury to find that appellant had taken a substantial step intended to culminate in the offense of rape.

Appellant finally contends that the verdict forms were improper and that the conviction for both rape and kidnapping constitutes double jeopardy. However, neither issue was raised below.

In *Ply* v. *State*, 270 Ark. 554, 606 S.W.2d 556 (1980), we refused to consider an assertion of error in a verdict form raised for the first time on appeal. There we stated as follows:

> [A] defendant could raise an objection to the verdict form at the time the verdict is rendered, at the time of sentencing or by motion for new trial. We made it quite clear in *Goodwin* [v. *State*, 263 Ark. 856, 568 S.W.2d 3 (1978)] that we would not thereafter consider an assertion of error in a verdict form that had not been raised in the trial court, in some manner, without adequate reason for the failure being shown.

*Ply* v. *State*, 270 Ark. at 560.

Likewise, the issue of double jeopardy was not raised at the trial level. In *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 284 (1982), we stated that we do not consider this issue when raised for the first time on appeal except in death cases. Therefore, we do not consider the arguments about the verdict form and double jeoprady.

Affirmed.