Jeffery MOSIER *v.* STATE of Arkansas

CR 84-148                                   684 S.W.2d 810

Supreme Court of Arkansas
Opinion delivered February 25, 1985

*James H. Phillips,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint E. Miller,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Jeffery Mosier, was found guilty of an aggravated robbery, rape, and theft of property. We need not state the proof in detail because the sufficiency of the evidence to support the convictions is not questioned. Mosier contends the trial court erroneously refused to give his requested instructions on the defense of voluntary intoxication and erroneously refused to grant a mistrial when a recording of appellant's confession contained references to other criminal activity. We find no reversible error and affirm the convictions. Jurisdiction is in this Court under Rule 29(1)(b) because a cumulative sentence of more than 30 years imprisonment has been imposed.

The trial court correctly refused to give the requested instruction on voluntary intoxication as a defense because the proposed instruction gave contradictory burdens of proof and would have misled the jury. On the one hand, it provided "In asserting the defense, he is required only to raise a reasonable doubt in your minds," but on the other hand, it would have told the jury "[appellant] has the burden of proving an affirmative defense by a preponderance of the evidence." There was no error in refusing to give an instruction which would have misled the jury.

We are aware that some confusion surrounds the

defense of voluntary intoxication. See Liebman, *Voluntary Intoxication as a Defense to Crime,* Ark. L. Notes 29 (1983). We may choose to re-examine our position when we have adversary briefs on the subject.

Appellant next argues that the trial court erred in refusing his motion for a mistrial. One of the state's witnesses, a police officer, played appellant's recorded inculpatory statement, in which appellant admitted to the unrelated wrong of "hanging around and dealing with some fellows that's selling and buying stolen property" and to attempting to avoid trial on unrelated burglary and theft charges. At the time of playing of the statement, the appellant did not object to this evidence of other wrongs or crimes. See Rule 404(b) Ark. Unif. Rules of Evid. Then, toward the end of the tape, the appellant finally objected to the evidence of other wrongs which had long been before the jury.

The trial judge ruled that the objection was well taken, although too late, and ordered the objectionable part of the tape deleted before he admitted the tape into evidence, and ordered the police officer to read the balance of the statement from a transcript. After that, the appellant moved for a mistrial. His counsel admitted he had earlier read the transcript of the statement, and that he knew it contained the evidence of other wrongs. Yet, he did not make a timely objection. The trial judge ruled that the motion for a mistrial was not timely. We agree. The trial judge may well have thought that the failure to object to the evidence in the statement and then later moving for a mistrial on the basis of that same unobjected-to evidence, was a deliberate trial tactic, for two reasons. First, most of the evidence was already before the jury, without objection, by another witness. Second, appellant's counsel indicated that his strategy was to let the jury know that his client had associated with criminals and, because of his fears of them and not for the purpose of committing a robbery, he was carrying a pistol. The trial court is granted a wide latitude of discretion in granting or denying a motion for mistrial, and this court will not reverse except for an abuse of that discretion or manifest prejudice to the complaining party.

*Berry* v. *State,* 278 Ark. 578, 647 S.W.2d 453 (1983). A trial judge does not abuse his great discretion in granting or refusing a motion for mistrial where counsel appears, as a matter of trial strategy, to have allowed testimony into evidence without objection, and then later moves for a mistrial on the basis of that same evidence.

Affirmed.