Winnie MARCHANT *v.* STATE of Arkansas

CR 85-68                                    ˙ 688 S.W.2d 744

Supreme Court of Arkansas
Opinion delivered May 6, 1985

*William R. Simpson, Jr.,* Public Defender, *Deborah R. Sallings,* Deputy Public Defender, by: *Jerry J. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Alice Ann Burns,* Deputy Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant was convicted in municipal court of violation of Ark. Stat. Ann. § 75-225 (Repl. 1979) which prohibits displaying on a vehicle "a number belonging to any other vehicle, or fictitious registration number." In her de novo trial in the circuit court, her conviction was affirmed. As we must interpret the statute, our jurisdiction rests on Arkansas

Supreme Court and Court of Appeals Rule 29. 1. c.

At the circuit court trial the appellant testified the license plate on her car when she was stopped by the police had been on another car. The plate was placed by a car dealer on the car in which she was stopped. She stated she had not had the record "changed over." The license plate was issued in 1977, according to her testimony. The policeman who stopped the appellant on October 27, 1983, testified the license had expired in October, 1975. The appellant was driving a 1981 vehicle.

The circuit judge stated that because the license displayed by the defendant was outdated it was therefore fictitious and the defendant was thus guilty.

■ We agree with the appellant that the mere fact the license plate was not current was no evidence of its fictitiousness. However, the appellant's own testimony places her squarely in violation of the statute, as she admitted the license plate was not issued for the car on which she had displayed it.

■ While the trial judge was in error in his reason for the conviction, the correct result was reached. The error of the trial court in referring to inapplicable statutory language and not to the applicable language was thus harmless. When the error is harmless, we affirm. *Curtis* v. *State*, 279 Ark. 64, 648 S.W.2d 487 (1983); *Rice* v. *State*, 216 Ark. 817, 228 S.W.2d 43 (1950).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The license plate on appellant's vehicle had expired. It had been expired since 1977 according to appellant's testimony. The officer said the license expired in 1975. In any event the license was expired and appellant knew it. Arkansas Stat. Ann. § 75-225 (Repl. 1979) makes it illegal to display on a vehicle "a number belonging to any other vehicle, or fictitious registration number . . ." It is a violation of another law to display a license tag which has expired. Arkansas Stat. Ann. § 75-226 (Supp. 1983).

The numbers displayed on the license plate did not belong to another vehicle nor was it proven that there was a fictitious registration number displayed. The number displayed was originally a legal one. It became illegal only when the appellant failed

to properly transfer the tag and to renew and attach the decals. So far as the record is concerned all the license tag needed was a proper transfer and correct year decals.

I also take exception to the state continuing the incarceration of a person for failure to pay a fine unless it first be shown that such act is wilful. We had to overrule the trial court before the appellant could even have her case heard on appeal. Perhaps we did her no favor in the long run. After appellant complied with the registration, licensing and inspection laws she was still ordered to jail for not paying her fine. We accepted her appeal as a pauper. Therefore, we are now saying paupers may be jailed for failing to pay a fine.

As to the fictitious registration conviction I would reverse and dismiss.