Denise SMITH *v.* STATE of Arkansas

CA CR 85-25                                    692 S.W.2d 622

Court of Appeals of Arkansas
Division II
Opinion delivered June 26, 1985

*William R. Simpson, Jr.*, Public Defender and *Thomas J. O'Hern*, Deputy Public Defender, by: *Jerome T. Kearney*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Velda P. West*, Att'y Gen., for appellee.

TOM GLAZE, Judge. Appellant appeals from convictions for negligent homicide and concealing birth. Her only point for reversal is that the trial court erred in admitting into evidence a prior criminal charge. We affirm.

Appellant was charged in March, 1984, in connection with the events surrounding the birth and subsequent death of her infant son. Prior to trial, appellant filed a motion in limine, seeking to prevent the State from raising at trial any reference to a 1982 charge of endangering the welfare of a minor—a charge which resulted from appellant's having abandoned her infant daughter. At an omnibus hearing, the court granted the motion, subject to reconsideration upon hearing testimony at trial.

At trial, after calling six of its eight witnesses, the State asked the court to reconsider its granting of appellant's motion in limine. In his opening statement, defense counsel had commented that people make mistakes, tragic mistakes, and that appellant was alone and frightened, and did not know what else to do. The State argued that by making these remarks, appellant was trying to use mistake as a defense, and that the State should be allowed to present evidence to rebut that contention. The court reversed its earlier ruling and allowed testimony about the prior charge.

Appellant argues that, since she did not testify and did not, during cross-examination of the State's witnesses, open up the issue of her character, the court should not have admitted testimony of prior acts. Appellant further argues that since opening statements are not evidence, the judge, who said his ruling was subject to modification upon hearing testimony at trial, erred in reversing himself. Appellant also complains that the State should have objected to defense counsel's comments in his opening statement when they were made.

Under Uniform Rule of Evidence 404(b), evidence of other offenses may be admissible for purposes such as proving motive, opportunity, intent, preparation, plan, or absence of mistake or accident. The Arkansas Supreme Court has held that, if the evidence sought to be introduced under 404(b) has relevance independent of merely showing the accused's bad character, and if it meets the "probative value versus unfair prejudice" balancing test of Uniform Rule of Evidence 403, it is admissible. *Price v. State*, 268 Ark. 535, 597 S.W.2d 598 (1980).

We cannot say in this cause that the court abused its discretion in admitting the evidence under 404(b), and in reaching this decision, neither the defense counsel's comments during his opening statement nor the fact that appellant did not testify are significant. The 1982 charge was relevant in proving appellant's intent, motive, preparation or plan regarding her actions in 1984, and we find no error in its admission.

Affirmed.

MAYFIELD and CLONINGER, JJ., agree.