Willie Jackson SMITH *v.* STATE of Arkansas

CA CR 86-86                                    718 S.W.2d 475

Court of Appeals of Arkansas
En Banc
Opinion delivered November 5, 1986
[Rehearing denied December 3, 1986.*]

*Glaze, J., not participating.

*Gerald A. Coleman*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. Following a jury trial, appellant was convicted of burglary and sentenced to seven years in prison. For his appeal, appellant argues that the trial court erred in allowing the state to cross-examine appellant about his 1971 felony conviction for burglary and grand larceny. We agree with appellant's arguments and reverse and remand.

At the trial, Meyer Brick testified that on December 18, 1984, he was awakened by the alarm system he had set up at his store. He and his wife went immediately to the store, which was near his home. When he got there he saw two figures inside the store, but could not positively identify either of them. He then walked around to the alley and saw two people running. Mr. Brick shot at the fleeing figures, but did not know whether anyone had been hit.

Appellant was found about one hour later. He had been shot and had gone for help to a house he had seen with lights on. The residents of the house called the police and an ambulance.

Appellant testified that he had gone to the store with two other men after lending the driver $5.00 for gas. They were supposed to take the other man home, who said he lived behind the store. Appellant and the driver waited in the car while the other man went and got some money to repay appellant. When he did not return, the driver got out of the car and went to see what had happened. When the driver didn't return either, appellant walked down the alley beside the store and noticed the door standing open. He stated that at that point he realized the two men were burglarizing the store. Appellant then saw Mr. Brick coming toward him with a gun and appellant began running. The driver of the car ran out of the store and began running. Appellant stated that he did not know what became of the other man. When Mr. Brick shot appellant the driver of the car helped appellant to the car and they drove off. They hadn't gotten far when the car's engine blew up. The driver of the car pulled appellant out of the

car and left him in a ditch. Appellant then went to the house where he was found.

When appellant had completed his testimony, the defense rested its case. The judge then recessed until the next day. The next morning appellant took the stand again to explain the presence of a knife that some of the jurors had a question about. After testifying that he did not know where it came from, the state was allowed to cross-examine appellant about his 1971 conviction. The trial court explained that it was allowing the testimony because appellant had been allowed to testify extensively about his work record, his service record and the medals he had won in Viet Nam for heroism. The trial court felt that it would be unfair to the state to allow this testimony to go unrebutted and gave a limiting instruction to the jury that the testimony was to be considered only as proof of intent, preparation, plan, knowledge, identity or absence of mistake.

■■ Appellant first argues that the questioning by the state should not have been allowed under U.R.E. Rule 609(b).[1] We agree. Where a defendant in a criminal case testifies in his own behalf, his credibility is placed in issue, and the state may impeach his testimony by proof of prior felony convictions. *Washington* v. *State*, 6 Ark. App. 85, 638 S.W.2d 690 (1982). However, the use of a prior conviction for impeachment purposes is limited by Rule 609(b), which provides:

> Evidence of a conviction under this rule is not admissible if a period of more than ten [10] years has elapsed since the date of conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date.

Appellant pleaded guilty and received a suspended sentence in 1971, which was fourteen years earlier than the trial date. It was error for the trial court to allow the cross-examination for

---

[1] On October 13, 1986, in the case of *Ricarte* v. *State*, 290 Ark. 100, 717 S.W.2d 488 (1986), the Arkansas Supreme Court held that the Uniform Rules of Evidence were adopted at an invalid session of the Arkansas Legislature, and that the Rules did not become law. The court further stated in *Ricarte* that, "under our own rule-making power and under existing statutory authority, as of this date we adopt the Uniform Rules of Evidence as the law in Arkansas."

impeachment purposes.

Appellant also argues that the trial court erred in holding that the questioning was proper according to U.R.E. Rule 404(b). Although this issue is not as easily resolved, we agree with appellant's argument.

██ Rule 404(b) permits evidence of other crimes, wrongs or acts in order to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Such evidence, however, is not admissible to prove the character of a person in order to show that he acted in conformity therewith. Evidence of other crimes must pass two tests to be admissible: (1) the other crimes' evidence must be independently relevant, and (2) must meet the probative value versus unfair prejudice balancing test of U.R.E. Rule 403. *Golden* v. *State*, 10 Ark. App. 362, 664 S.W.2d 496 (1984). The probative value of evidence correlates inversely to the availability of other means of proving the issue for which the prejudicial evidence is offered. In other words, if the state has no other means to prove the issue, then the evidence is highly probative, and that may outweigh its prejudicial effect. However, in cases where the state has other means of proving the issue, then the balance is tipped in favor of it being excluded because of its prejudicial effect. *Golden, supra.*

In this case, the state argues that the evidence was needed to show that appellant was not at the scene of the burglary by "mistake" as he claimed. However, the state had already shown that appellant was shot fleeing the scene of the crime. Mr. Brick testified that he only saw two people, not three, as claimed by appellant; plastic gloves covered with blood that was shown to be appellant's blood type were recovered from the scene; and a knife that was taken from the store was found in appellant's pocket.

██ In reviewing the admissibility of prior convictions for the purposes stated in Rule 404(b), this court reviews the facts to determine if, without the prior burglary convictions, the state proved the burglary charges against appellant. *Golden, supra.* Since the state's evidence in this case would have amply supported appellant's conviction, the prior convictions should not have been admitted. The trial court abused its discretion in applying the balancing test between probative value and unfair prejudice. The probative value of evidence of a fourteen-year-old

conviction was slight if present at all, and the probability of unfair prejudice was great.

The state argues that the questioning was proper to rebut appellant's previous testimony about his exemplary conduct during the Viet Nam War. In support of its argument, the state cites the case of *Pursley* v. *Price*, 283 Ark. 33, 670 S.W.2d 448 (1984), in which the Arkansas Supreme Court held that, by the defendant's testifying to his past conduct, the door was opened to the admission of rebuttal evidence which otherwise might be inadmissible. However, that case is not on point. *Pursley* was a civil case where Price was suing Pursley for the battery Pursley committed. While testifying in his own defense, Pursley stated that he had "never had any problem other than a speeding ticket in his life." The police officer who investigated the battery was allowed to testify in rebuttal that Pursley had a reputation for violence in the community when he was drinking. The past conduct testified to was relevant because Price alleged that Pursley had been drinking when the battery occurred. The court said, "We do not hold or imply that Ark. Unif. R. Evid. is abrogated, but we conclude under the circumstances of this case, the trial court did not abuse its discretion in admitting the testimony." *Pursley*, 283 Ark. at 34, 670 S.W.2d at 449.

In this case, appellant made no sweeping denial of any prior wrongdoing; he only testified concerning his work record and service record. The evidence was not admitted to rebut any particular character trait as in *Pursley*, and which is permitted by U.R.E. Rule 404(a)(1). The conduct testified about in *Pursley* did not result in conviction for a crime, and there was slight showing by the state that appellant's conviction for burglary fourteen years ago was in any way relevant to the burglary he was being tried for.

Reversed and remanded for a new trial.

CRACRAFT, C.J., and MAYFIELD, J., concur.

CORBIN, J., and WRIGHT, Special Judge, dissent.

GLAZE, J., not participating.

GEORGE K. CRACRAFT, Chief Judge, concurring. I concur with the result reached by the majority and with the reasoning of

Judge Mayfield's concurring opinion, but write separately in order to state an additional reason for reversal. As stated in the dissent, it is well settled that we will affirm the ruling of a trial court if it reaches a correct result even for the wrong reason and, in view of *Ricarte,* we must look to the law as it existed prior to its attempted supersession by the Uniform Rules of Evidence in applying that rule.

Ark. Stat. Ann. §§ 28-605 and 28-707 (Repl. 1962) provide that evidence of a former felony conviction is admissible for the purpose of going to the credibility of a witness and the weight to be given his testimony. There are no such limitations on admissibility as are contained in Unif. R. Evid. 609. *Burton* v. *State,* 260 Ark. 688, 543 S.W.2d 760 (1976).

Here appellant stated that he had been convicted, but had received a ten-year suspended sentence. At the time that sentence was imposed, a suspended sentence did not constitute a "conviction" within the meaning of similarly-worded disqualifying statutes. *See Sutherland* v. *Arkansas Dept. of Insurance,* 250 Ark. 903, 467 S.W.2d 724 (1971); *Tucker* v. *State,* 248 Ark. 979, 455 S.W.2d 888 (1970); *State Medical Board* v. *Rodgers,* 190 Ark. 266, 79 S.W.2d 83 (1935). These cases hold that where one's sentence is suspended he has not been "convicted" because he has not been required to suffer the punishment prescribed in the judgment of sentence.

As, apparently, there had been no "conviction" within the meaning of prior law, it would likewise appear to have been error to permit the introduction of this evidence in any event.

MELVIN MAYFIELD, Judge, concurring. I agree with the result of the majority opinion written by Judge Cloninger, but for reasons not relied upon in that opinion. Moreover, I agree with the concurring opinion of Chief Judge Cracraft, but I add reasons for reversal also not included in that opinion.

The appellant objected to the evidence that he had received a suspended sentence for burglary and grand larceny in 1971. The record is clear that he objected on the basis that Rule 609(b) of the Uniform Rules of Evidence did not allow this "conviction" for the purpose of attacking his credibility since it was more than ten years old. It is also clear that he objected to its admissibility as

relevant under Uniform Evidence Rule 404(b). The trial judge, however, accepted the prosecutor's argument that the "conviction" was admissible under Rule 404(b) as going to the issue of intent, motive, plan, knowledge, or absence of mistake or accident. And the judge, on his own motion, instructed the jury as follows:

> Ladies and Gentlemen of the Jury, you have just heard some testimony concerning a prior criminal conviction, you are instructed and told, admonished that this testimony is not to be considered by you as evidence of guilt or innocence of Mr. Smith. It may be considered by you going to the issue of intent, motive, plan, knowledge, or absence of mistake or accident, and only for those purposes.

Although neither the judge, nor counsel for either side, knew that the Uniform Rules of Evidence had been adopted at an invalid session of the legislature, the Arkansas Supreme Court has now so held. *See Ricarte v. State*, 290 Ark. 100, 717 S.W.2d 488 (1986). Since that case was decided after the State's brief was filed in the instant case, the State could not discuss the opinion in its brief, but the dissenting opinion in this case states that the effect of the *Ricarte* decision is to put the law back as it was before the Uniform Rules of Evidence were adopted by the legislature and the case of *Burton v. State*, 260 Ark. 688, 543 S.W.2d 760 (1976), is cited for its holding that under Ark. Stat. Ann. § 28-605 (Repl. 1962) the law (prior to the adoption of the Uniform Rules of Evidence) allowed the introduction of a defendant's prior conviction "for the purpose of going to his credibility." The dissent then cites *Marchant v. State*, 286 Ark. 24, 688 S.W.2d 744 (1985), for the proposition that where the trial judge errs in his reasoning but reaches the correct result, the case will be affirmed on appeal. However, even if the *Marchant* rule applies under the peculiar circumstances of this case, it is my contention that the trial judge *did not reach the correct result*.

In the first place, the judge did not hold that appellant's "conviction" was admissible "for the purpose of going to his credibility." The judge held, and so instructed the jury, that the prior "conviction" was admissible for the jury's consideration of

"going to the issue of intent, motive, plan, knowledge, or absence of mistake or accident, *and only for that purpose.*" (Emphasis added.) So, if the "conviction" was admissible for the purpose of attacking the appellant's credibility, the judge did not correctly instruct the jury in that regard and consequently did not reach the correct result on the issue of the "conviction's" admissibility for credibility purposes.

In the second place, it is noted in the State's brief that *Price v. State*, 268 Ark. 535, 597 S.W.2d 598 (1980), stated that "if other conduct on the part of the accused is independently relevant to the main issue—relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal—then evidence of that conduct may be admissible, with a proper cautionary instruction by the court." Thus, the State argues that since the appellant testified that he did not know his companions intended to burglarize the store involved in this case, the issue of knowledge or accident was raised and the evidence of appellant's prior "conviction" for burglary was admissible to show the absence of mistake or accident under Uniform Evidence Rule 404(b).

*Price* relied upon *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954), for the statement quoted above and *Alford* was decided long before the adoption of the Uniform Rules of Evidence by the Arkansas legislature. Indeed, when the *Price* case was first decided by the Arkansas Court of Appeals, see 267 Ark. 1172, 599 S.W.2d 394, this court said that Uniform Evidence Rule 404(b) only codified the law in existence before the Uniform Rules were adopted. But even if the "conviction" had some independent relevance in the instant case, and even if we concede that the court gave the jury a proper cautionary instruction, I still do not believe the court was correct (even for the wrong reason) in allowing the introduction of appellant's "conviction" into evidence.

At this point, I join the reasoning in Judge Cloninger's majority opinion where it relies upon our case of *Golden* v. *State*, 10 Ark. App. 362, 664 S.W.2d 496 (1984), which held that the probative value of evidence correlates inversely to the availability of other means of proving the issue for which prejudicial evidence is offered. I agree with the majority opinion that there was little

need to introduce appellant's prior conviction in order to show that he was not at the scene of the burglary by mistake, that the prejudicial value of this fourteen-year-old "conviction" far exceeded its probative value, and that the trial court erred in admitting it into evidence for that purpose.

As the Arkansas Supreme Court pointed out in its *Price* case, 268 Ark. 535, 597 S.W.2d 598, Uniform Evidence Rule 404(b) does not expressly provide for the balancing test with respect to the prejudicial evidence of other crimes where independent relevancy is involved. Therefore, we can apply such a test without relying upon the Uniform Rules and I think it is perfectly proper to apply such a test in this case. So, since the trial court did not properly instruct the jury on the use of the "conviction" for credibility purposes, and since I think its prejudicial effect far exceeded any probative value it might have as relevant evidence in this case, I concur in the reversal and remand for a new trial.

ERNIE E. WRIGHT, Special Judge, dissenting. I respectfully dissent from the majority holding which reverses the conviction of the appellant on the ground it was error to elicit testimony from the appellant of a prior conviction of the crimes of burglary and grand larceny. The prior conviction occurred more than thirteen years prior to the alleged offense. The appellant objected to the State interrogating him on cross-examination about a prior conviction more than ten years old, for burglary and grand larceny, on the ground the evidence was inadmissible under Rule 609 of the Uniform Rules of Evidence which bars evidence of convictions occurring more than ten years before the crime charged. The court overruled the objection. The only point for reversal is that the court erred in allowing evidence of the prior conviction.

Rule 609 concerns the admission of evidence for the purpose of attacking the credibility of a witness and contains a provision that evidence of the crime is inadmissible if more than ten years have elapsed since the date of the prior conviction. The Rule also provides that evidence of a prior conviction is not admissible unless the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the party or witness.

The Arkansas Supreme Court, in *Ricarte* v. *State*, 290 Ark.

100, 717 S.W.2d 488 (1986), held that the Uniform Rules of Evidence were adopted at an invalid session of the legislature and never did become law. The court pointed out that earlier statutes were not affected by the repealing clause in the Uniform Rules. Therefore, in reviewing the case before us, we should look to the law as it existed prior to the attempted adoption of the Uniform Rules of Evidence. Ark. Stat. Ann. §§ 28-605 and -705 (Repl. 1962) are, therefore, still in effect, and they provide that evidence of former convictions of crimes is admissible for the purpose of going to the credibility of the witness or the weight to be given to his testimony. The pre-existing law clearly permitted the introduction of prior convictions of an accused who testifies in his defense and permitted the interrogation of the defendant on cross-examination as to prior convictions. *Burton* v. *State*, 260 Ark. 688, 543 S.W.2d 760 (1976) held that cross-examination of appellant about a prior conviction was permissible as Rule 609 was not in effect at time of trial. After *Ricarte, supra* we now know Rule 609 was never the law and *Burton, supra* is controlling. Here, there was no necessity for the State to challenge the validity of the Uniform Rules of Evidence as the judge correctly allowed the challenged evidence.

While the trial judge overruled the objection to the State questioning appellant on cross-examination about the prior conviction on the erroneous ground the evidence was admissible under Rule 404(b) of the Uniform Rules of Evidence, which under *Ricarte, supra* was never the law, the judge was correct in his ruling. The rule is well settled that if the trial judge errs in his reasoning but reaches the correct result, the case will be affirmed on appeal. *Marchant* v. *State*, 286 Ark. 24, 688 S.W.2d 744 (1985).

It is true that the evidence would be admissible under the statute as going only to the credibility of the witness and the weight to be given his testimony, but no instruction was requested by the appellant limiting the evidence to such purpose, and there was no objection to the instruction given. On appeal we do not reverse for failure to give an instruction not requested by appellant. *Alexander* v. *State*, 254 Ark. 998, 497 S.W.2d 279 (1973).

I would affirm.

198

CORBIN, J., joins in this dissent.