Ray Eugene McDANIEL *v.* STATE of Arkansas

CR 87-154                                                    743 S.W.2d 795

Supreme Court of Arkansas
Opinion delivered February 1, 1988

*Clinton Keith Jones, Jr.*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was found guilty of three counts of aggravated robbery and one count of theft of property. The trial court entered judgment on the verdict in accordance with the recommendation of the jury. The appellant received a total of thirty-seven years for the three aggravated robbery counts and three years for the theft of property count. For appeal he argues: (1) the court erred in failing to admonish the jury to disregard statements by the prosecutor concerning defendant's prior arrest; (2) the court erred in allowing the introduction of a photograph; and (3) the court erred in not requiring the state to reveal the identity of its confidential informant. For reasons stated below we affirm the conviction and sentence.

On the night of August 18, 1987, Wendy's Restaurant in Fayetteville, Arkansas, was robbed by a knife wielding assailant. Acting upon information furnished by a confidential informant, the officers arrested the appellant. His defense was an alibi.

The appellant filed a timely motion for discovery and specifically requested disclosure of the identity of the confidential informant. The state responded to the discovery request but refused to furnish the name of the confidential informant. The appellant's basis for disclosure of the identity of the confidential informant was that appellant had heard that the informant may have been involved in this specific crime. The state informed the court that it did not intend to use the informant as a witness against the accused at trial. The court overruled the appellant's motion for disclosure of identification.

At a hearing five days before the trial, it was agreed that all discoverable material had been furnished and discovery would cease on that date. After this hearing the prosecuting attorney learned that appellant had been arrested in Illinois for car theft and for assault in Arkansas.

At trial on direct examination appellant testified that he had never been arrested or convicted of a felony. On cross-examination the appellant admitted that he had been arrested for car theft in Illinois and for assault in Arkansas. Appellant's attorney objected claiming that the appellant's prior arrests were not disclosed by the state in response to appellant's discovery motion. The state's attorney assured the court that he had not discovered the information about the appellant's prior arrests until the day before it was presented in court. The trial court overruled appellant's motion to instruct the jury to disregard the information about the arrest.

While one of the victims was testifying at trial, he displayed to the jury a scar on his throat and said that it was caused by the assailant at the time of the robbery. Later, a black and white photograph of the scar on the victim's throat was introduced into evidence over the appellant's objection that it was repetitive and had no probative value.

The appellant's first argument is that the court should have admonished the jury to disregard the information obtained by the

prosecutor on cross-examination concerning the appellant's arrest for assault in Arkansas and for car theft in Illinois. The appellant's attorney contends that if the state had completely supplied all the information about appellant's prior arrests, he would have known not to allow the appellant to testify that he had never been arrested for a felony and had no prior trouble with the law.

■ Had the appellant requested it, he would have been entitled to an instruction limiting the jury's consideration of testimony concerning his prior arrest to the issue of veracity. *McFadden* v. *State*, 290 Ark. 177, 717 S.W.2d 812 (1986); and *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 598 (1980). But cross-examination about the prior arrest was proper in view of the fact that the appellant had specifically denied having had a prior arrest. Since the testimony was purely and genuinely rebuttal, the state was not required to furnish this information to the appellant prior to the trial. *Vasquez* v. *State*, 287 Ark. 468, 701 S.W.2d 357 (1985); and *Parker* v. *State*, 268 Ark. 441, 597 S.W.2d 586 (1980). After all it was the appellant that brought this matter to the attention of the jury.

■ The second argument for reversal is that the court erred in allowing the introduction of a photograph of one of the victims. It was a black and white photograph of the victim's throat which had been made about one week after his injury. We have viewed the photograph and do not deem it excessively gory or unduly inflammatory. The photograph may not have been necessary to prove the charge, but we cannot say the trial court abused its discretion in allowing the photograph to be introduced into evidence.

We examined our rule of introduction of photographs at criminal trials in the case of *Berry* v. *State*, 290 Ark. 223, 718 S.W.2d 447 (1986). Instead of promulgating a general rule of admissibility which essentially allows automatic acceptance of all the photographs of the victim and crime scene, we held that the trial court should carefully weigh the probative value of the photographs against their prejudicial nature. In *Berry* we held that evidence of six repetitious, gory, color photographs of the victim's face, taken at the crime scene and at the examiner's office, were excessive and obviously prejudicial. We further

stated that the probative value of the photographs was out-weighed by their prejudicial nature. Our general rule, as stated in *Henderson* v. *State*, 291 Ark. 138, 722 S.W.2d 600 (1987), is that photographs are admissible when they reveal the nature and location of wounds and are of assistance to the jury in understanding the testimony. See also *Perry* v. *State*, 255 Ark. 378, 500 S.W.2d 387 (1973).

The third argument for reversal is that the trial court erred in refusing to direct the prosecution to reveal the identity of the confidential informant. The prosecuting attorney is required by A.R.Cr.P. Rule 17.1 to furnish the names and addresses of all persons whom he intends to call as witnesses at any hearing or at the trial. However, Rule 17.5(b) states that disclosure shall not be required where an informant's identity is a prosecution secret and a failure to disclose will not infringe upon the constitutional rights of the defendant. The unofficial 1987 supplementary commentary to Rule 17.5 explains that when an informant merely supplies information upon which the police act, and the case stands or falls without the informant's testimony, then there is no duty to furnish the name and address of the informant.

In the present case the state did not use the informant as a witness. Moreover, the appellant knew the names of all persons whom he suspected of being the informant or a participant in the crime. The question of whether or not the informant's identity should be divulged calls for a balancing of the public interest in encouraging the flow of voluntary information against the defendant's right to prepare his defense. *Roviaro* v. *United States*, 353 U.S. 53 (1957). If an informant was present or participated in the crime with the defendant, his testimony would be relevant and it would be prejudicial error for the state not to reveal his identity.

Since there is no evidence that the informant participated in the crime, or was a witness to the crime, nor possessed any exculpatory information, there is no showing that failure to identify the informant was in any way prejudicial to the appellant's defense. Therefore, it was not error for the trial court to refuse to require the identity to be revealed.

Affirmed.