Willie WARRIOR *v.* STATE of Arkansas

CR 89-13                                    772 S.W.2d 592

Supreme Court of Arkansas
Opinion delivered July 3, 1989

*James P. Massie*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Willie Warrior was convicted of delivering a controlled substance and sentenced to 40 years imprisonment. We affirm. His only argument for reversal is the trial judge should have compelled the state to disclose the identity

of a confidential informant.

The state's chief witness, Officer Robert Thomas, testified that a confidential informant was with him when he made a cocaine "buy" from the appellant. The appellant's attorney asked him to disclose the name of the informant, and the officer refused. The appellant's attorney then asked for a bench conference. It was at that point that the trial judge learned that the appellant had filed a motion for disclosure of the informant's identity two days before the trial. However, the appellant's attorney had not brought it to the court's attention even though an opportunity existed. In fact the judge remarked:

> Why didn't you bring that up this morning, Mr. Massie? That's why we have those 8:30 meetings. . . This is the first time I've seen it. . . [I]f you wanted the identity of the informant and it was something that was vital to your case, obviously you would have brought it to the Court's attention before now so you could find out who it was and get the person here to testify.

The trial judge denied the motion evidently because it was untimely. We affirm since we cannot say the trial judge abused his discretion.

■■ The state has the privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a violation of a law. A.R.E. Rule 509(a); *see also* A.R.Cr.P. Rule 17.5(b). But there is no reason for the state to invoke the privilege until the defense has requested disclosure of the informant's identity. Once such a request is made and the privilege invoked, a hearing may be necessary to determine if the informant could provide relevant testimony. A.R.E. Rule 509(c). In other cases involving confidential informants, timely motions have been made and hearings held before trial has begun. *See McDaniel* v. *State*, 294 Ark. 416, 743 S.W.2d 795 (1988); *see also Roviaro* v. *U.S.*, 353 U.S. 53 (1957).

■ Absent surprise or other mitigating factors, the orderly procedures of a trial are best served by a preliminary ruling on this matter. *See* generally A.R.E. Rule 104(a). Here, the appellant does not claim surprise, did not request a continuance, and did not give a reason for failing to obtain a ruling prior to trial.

■ The court was under no obligation to bring the trial to a halt, hold a hearing and possibly postpone the trial to subpoena the informant when the appellant could have obtained a pretrial ruling that would have prevented such a delay. For these reasons, we cannot say the judge abused his discretion in denying the appellant's motion.

Affirmed.

PURTLE, DUDLEY and NEWBERN, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. It is undisputed that the confidential informant was present and participated in the illegal transaction at issue in this case. During the cross-examination of an undercover police officer, appellant asked the name of the confidential informant. The witness refused to answer, and the court refused to compel an answer. The majority affirms that ruling because, it states, the question was untimely. I dissent.

The question asked on cross-examination was designed to produce relevant evidence since the only person, other than appellant, who could controvert the undercover officer's testimony was the informer. A.R.E. Rule 402 provides in pertinent part: "All relevant evidence is admissible, except as otherwise provided by statute, or by these rules or by other rules applicable in the courts of this State." One of the exceptions is the government informer's privilege. That privilege is defined in *Roviaro v. United States*, 353 U.S. 53, 59 (1956), as follows:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *Scher* v. *United States*, 305 U.S. 251, 254; *In re Quarles and Butler*, 158 U.S. 532; *Vogel* v. *Gruaz*, 110 U.S. 311, 316. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

We have adopted the government informer's privilege. *Bennett v. State*, 252 Ark. 128, 477 S.W.2d 497 (1972); A.R.Cr.P. Rule 17.1(b). The privilege, which is an exception to the relevant evidence rule, gives way when, as here, the disclosure of an informer's identity, or the contents of his communication, would be relevant and helpful to the defense of an accused. *Roviaro v. United States, supra; Bennett v. State, supra;* A.R.Cr.P. Rule 17.1(b). Preliminary questions regarding the existence of a privilege may be submitted to the trial court. A.R.E. Rule 104(a). Thus, the State, not the appellant, had the duty, if anyone did, to obtain a preliminary ruling that it could invoke the privilege.

There is no authority whatsoever for the majority opinion's statement that the appellant was at fault for "failing to obtain a ruling prior to trial." The majority opinion, in accepting the State's argument, confuses a "ruling prior to trial" with a preliminary ruling. Under A.R.E. Rule 104(a), a trial judge is to make a preliminary ruling on questions involving qualifications of a person to be a witness, the existence of a privilege, or the admissibility of evidence. This simply means that the judge preliminarily acts both as a trier of fact and the evaluator of legal standards in making a determination of admissibility of the evidence. Cotchett and Elkind, *Federal Courtroom Evidence* 18 (1986). It does not mean that the judge must make a ruling prior to trial, and the trial judge does not have the authority to require that such a ruling be made prior to trial. Accordingly, the trial judge erred in so ruling. Neither case cited by the majority, *McDaniel v. State*, 294 Ark. 416, 743 S.W.2d 795 (1988), nor *Roviaro v. United States, supra,* holds that a defendant must file a motion prior to trial for the state to claim a privilege. Accordingly, I dissent.

PURTLE and NEWBERN, JJ., join in this dissent.