Thomas WALLACE *v.* STATE of Arkansas

CA CR 96-79 932 S.W.2d 345

Court of Appeals of Arkansas
Division II
Opinion delivered October 30, 1996

*William R. Simpson, Jr.,* Public Defender; *Thomas B. Devine III,*

Deputy Public Defender, by: *C. Joseph Cordi, Jr.,* Deputy Public Defender.

MELVIN MAYFIELD, Judge. The appellant was found guilty by a jury of aggravated robbery and theft of property of the value of more than $200, and he was sentenced to fifteen years in the Arkansas Department of Correction for aggravated robbery and three years for theft of property, to run concurrently.

On the morning of the trial, and before any evidence was presented, appellant's counsel made a motion in limine to prevent the prosecution from offering evidence that the appellant had approached the victim and offered some type of restitution in return for the victim dropping the charges. At that time the prosecutor informed the court that, about three weeks before the trial, appellant had approached the victim at the same store where the robbery occurred, apologized to him, asked him to "go pretty easy on them," and for doing this, the appellant offered to "pay [Sawyer] some of [his] money back." The prosecutor said it was his position that this was an admission by the appellant. Counsel for the appellant argued that the apology and offer of restitution was not a direct admission and that it was too inflammatory and prejudicial for the jury to hear. The court denied the motion.

At trial Billy Sawyer testified that on February 19, 1995, he went to a convenience store near his home, the Dodge Store, at around 11:30 p.m. As he was leaving the store, he noticed two men hanging around his car. When he approached they asked him to take them to Dixie Addition, and he agreed. A few blocks down the street the man in the front seat pulled a gun, cocked it, put it to Sawyer's head, and told him this was a robbery. Sawyer identified appellant as the man with the gun, and Sawyer said the man took about forty dollars and the car from him. Sawyer described his car as a 1977 Cadillac, two-door, and said he had bought it about twelve months prior to the robbery for $1,600. He testified that the car was in good shape when it was taken, and that it was still in good shape when it was returned to him.

Mr. Sawyer also testified that during the Labor Day weekend he had gone back to the Dodge Store, and the appellant approached him and asked him if he would "go pretty easy on" him, and said he would pay Sawyer "some of your money back."

Appellant argues on appeal that the court erred in denying the motion in limine. He says that the victim's testimony regarding the offer of reimbursement of his expenses in the case was "totally irrelevant because this offer was not an admission of guilt." He suggests that civil litigants who are not liable frequently offer to settle a case to avoid the costs and risks of a trial. Similarly, he says his attempt to reach a compromise with the prosecuting witness was not an admission of guilt and should not have been admitted into evidence.

Appellant also argues that if this evidence was relevant, its relevance was outweighed by the unfair prejudice the evidence would create, and it should not have been admitted in keeping with Arkansas Rule of Evidence 403.

 Arkansas Rule of Evidence 401, defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Arkansas Rule of Evidence 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In *McCormick on Evidence* it is said:

> The policy of protecting offers of compromise in civil cases does not extend to efforts to stifle criminal prosecution by "buying off" the prosecuting witness or victim. Indeed, such efforts are classed as an implied admission and generally admissible. The public policy against compounding crimes is said to prevail.

Kenneth S. Boun, *et al.*, 2 *McCormick on Evidence* § 266, at 198 (4th Ed. 1992). *See also State v. Burt*, 249 N.W.2d 651 (Iowa 1977) (defendant returned to store and offered to pay for coat he was accused of shoplifting).

 In *Morris v. State*, 21 Ark. App. 228, 230, 731 S.W.2d 230 (1987), we held that the appellant's attempt to influence a witness to change his testimony possessed independent relevance, because it tended to show the appellant's knowledge of her own guilt. Even evidence of other crimes is admissible under Ark. R.

Evid. 404(b) if the evidence is independently relevant, and the probative value of the evidence outweighs the danger of unfair prejudice under Ark. R. Evid. 403. *Smith v. State*, 19 Ark. App. 188, 718 S.W.2d 475 (1986).

██ We think the question is one of *unfair* prejudice. Clearly, the jury could assume that the appellant's attempt to induce the victim to drop the charges was evidence of appellant's knowledge of his own guilt. This would be a common-sense evaluation of such evidence. However, we cannot say that the trial court was wrong in its apparent conclusion that the probative value of the evidence outweighed the danger of its *unfair* prejudice. After all, in considering the evidence, the jury is not required to set aside its common knowledge but has the right to consider all the evidence in the light of its own observations and experiences in the affairs of life. AMCRI 2d 103.

Affirmed.

PITTMAN and STROUD, JJ., agree.