Phillip Michael WHEAT *v.* STATE of Arkansas

CR 87-195                                        763 S.W.2d 79

Supreme Court of Arkansas
Opinion delivered January 23, 1989

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner Phillip Michael Wheat was found guilty by a jury in a bifurcated trial of three counts of aggravated robbery and theft of property arising out of the robbery at gunpoint of a pharmacy. He was determined to be an

habitual offender with eight prior felony convictions and was sentenced to two consecutive prison terms of forty years on counts I and II of aggravated robbery and concurrent terms of forty years on Count III of aggravated robbery and ten years for theft of property for a total term of eighty years imprisonment. He has now filed a petition for post-conviction relief pursuant to Criminal Procedure Rule 37 in which he alleges that he was not afforded effective assistance of counsel.

Petitioner first contends that his attorney should have argued at trial that there was only one course of conduct and thus only one aggravated robbery. He argues that it was a violation of the provisions against double jeopardy to convict him of a separate offense against each of the three persons present in the pharmacy.

The evidence adduced at trial showed that petitioner who was armed with a pistol entered the pharmacy and forced the two clerks to lie on the floor while the pharmacist gathered the money and narcotics into a bag. Only the property of the pharmacy was taken and there was no effort made to take any personal property belonging to the pharmacist and clerks. Although the focus of the crime of aggravated robbery is threat of physical harm to the victim, *see Mitchell* v. *State*, 281 Ark. 112, 661 S.W.2d 390 (1983), the question is whether under the statute it was proper to charge the petitioner with a separate count of aggravated robbery for each person he threatened in the course of the robbery even though he neither took nor manifested any intention of taking property individually from each of them. We conclude that the robbery was a single transaction, the intention of which was to commit theft of the pharmacy property and not three separate offenses. As we find merit to the argument that there was only one aggravated robbery under the facts of this case, the three convictions for aggravated robbery must merge, leaving petitioner to serve concurrent terms of forty years for aggravated robbery and ten years for theft of property.

The facts of this case are distinguishable from *Smith v. State*, 296 Ark. 451, 757 S.W.2d 554 (1988), where the appellant who had held seven employees of a trucking company at gunpoint while waiting for his paycheck to be prepared was found guilty of seven counts of terroristic threatening and seven counts of false

imprisonment. We held in that case that separate offenses were committed against each of the seven persons since each was threatened and wrongfully imprisoned. There can be no doubt that if each of the two clerks had been forced to give over some property belonging to her, separate offenses of aggravated robbery would have been committed with respect to each clerk. *See Britt* v. *State*, 261 Ark. 488, 549 S.W.2d 84 (1977).

We note that other courts have reached the same results in similar situations where the defendant threatened the use of force against several persons to commit one act of theft. *See State* v. *Faatea*, 65 Haw. 156, 648 P.2d 197 (1982) (holding that the threatening of five persons to effect the theft of a hotel's receipts constituted one robbery, notwithstanding a phrase in the statute that robbery is committed if, in the course of committing a theft, the person "threatens the imminent use of force against the person of anyone who is present"); *State* v. *Potter*, 285 N.C. 238, 204 S.E.2d 649 (1974) (holding that when the lives of all employees of a store were threatened and endangered by the use or threatened use of a firearm incident to the theft of their employer's money or property, a single robbery is committed); *People* v. *Nicks*, 23 Ill. App. 3d 435, 319 N.E.2d 531 (1974) (holding that where a defendant robbed a store owner and two cashiers, separately, but all in one transaction, he could only be convicted of one count of armed robbery).

Petitioner's remaining allegations of ineffective assistance of counsel do not merit post-conviction relief. To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conducts falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable

doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

■ Petitioner alleges that counsel relieved the state of its burden of proof by conceding in his opening statement that a robbery had been committed. The contention fails in light of the overwhelming evidence that the pharmacy was indeed robbed by someone. Counsel did not concede that the petitioner was the robber and attempted throughout trial to establish that the witnesses misidentified him.

■ Petitioner also argues that counsel should have submitted jury instructions so that the jury could have considered a lesser included offense. Again, the evidence was overwhelming that an aggravated robbery had occurred. Petitioner has not shown that there was any rational basis for an instruction on a lesser included offense. *See Roberts* v. *State*, 281 Ark. 218, 663 S.W.2d 178 (1984).

■ Finally, petitioner makes the statement that counsel failed to "investigate regarding [his] claims to prepare for trial." As petitioner does not explain what specific action counsel should have taken to investigate and why the action was needed to prepare for trial, he has not demonstrated that the defense suffered any prejudice.

Petition granted in part and denied in part.