**Robert Earl McCOY, Appellee,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellant.**

No. 91–2856.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1992.

Decided July 10, 1992.

Jack W. Gillean, Little Rock, Ark., argued, for appellant.

Thomas M. Davis, Little Rock, Ark., argued, for appellee.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

BOWMAN, Circuit Judge.

A.L. Lockhart, Director of the Arkansas Department of Correction, appeals from

the judgment of the District Court [1] granting Robert Earl McCoy's petition for habeas corpus relief. We remand the case to the District Court.

McCoy was convicted of rape in the Circuit Court of Pulaski County, Arkansas on November 24, 1986. The court, in a bench trial, credited the victim's testimony that McCoy had somehow entered her apartment and raped her. The court disbelieved McCoy's testimony that the victim had allowed McCoy into her apartment and had consented to have sex with him. The Arkansas Supreme Court affirmed his conviction. In his state post-conviction petition, McCoy raised a number of issues, including the allegation that he had been denied his constitutional right to effective assistance of counsel. The Arkansas Supreme Court denied this post-conviction ("state habeas") petition. *McCoy v. State*, No. CR 87–46, 1988 WL 8793 (Ark. Feb. 08, 1988) (per curiam). He then petitioned the District Court for habeas corpus relief pursuant to 28 U.S.C. § 2254 (1988); his petition was denied without a hearing. On appeal, we remanded the case to the District Court for an evidentiary hearing on whether McCoy's counsel's decision not to introduce evidence concerning an alleged key to the victim's apartment that McCoy claimed was given to him by the victim constituted ineffective assistance of counsel in violation of the Sixth Amendment. *McCoy v. Lockhart*, 902 F.2d 1573 (8th Cir.1990) (per curiam).

At the hearing on remand, McCoy introduced evidence for the first time that the bedroom window, the only point of entry consistent with the state's theory of the case, would have had to have been damaged if opened from the outside, and that the window had not been so damaged.[2] The Magistrate Judge ruled that the decision not to introduce the evidence concern-

ing the key, combined with the failure of McCoy's trial counsel to investigate properly the window entry issue, violated McCoy's constitutional right to effective counsel. Accordingly, the Magistrate Judge granted McCoy's habeas petition.

On appeal, Lockhart argues that the Magistrate Judge erroneously addressed McCoy's ineffective assistance of counsel claim with respect to the window entry issue as it is procedurally defaulted and does not meet the required "probable actual innocence" standard. Lockhart also argues that the Magistrate Judge erred in ruling that the trial counsel's failure to more completely investigate the window entry issue and failure to introduce the evidence concerning the key rose to the level of unconstitutionally ineffective assistance of counsel. For his part, McCoy argues that his habeas claim with respect to the window entry issue is not procedurally defaulted and thus should not be required to meet the "probable actual innocence" standard.

■ "Unless a habeas petitioner shows cause and prejudice a court may not reach the merits of ... procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." *Sawyer v. Whitley*, — U.S. ——, ——, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992) (citations omitted). In his state court post-conviction petition, McCoy did not raise the window entry issue.[3] Because neither ineffective assistance of counsel at the "state habeas" level, *Coleman v. Thompson*, — U.S. ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991), nor representing oneself pro se at the state habeas level, *see id.; Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir.1988), constitutes cause, the merits of McCoy's window entry claim may only be addressed if the failure

---

1. The petition was heard and ruled upon by the Magistrate Judge, apparently with the consent of the parties pursuant to 28 U.S.C. § 636(c) (1988).

2. Such evidence was elicited from the apartment complex maintenance person, who

worked at the complex during all times relevant to this case.

3. Rather, his claim of ineffective assistance of counsel dealt solely with the failure to introduce evidence concerning the alleged key to the victim's apartment.

to do so would result in a " 'miscarriage of justice.' " *Murray v. Carrier,* 477 U.S. 478, 495, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986) (quoting *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1576, 71 L.Ed.2d 783 (1982)); *Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986) (a defaulted claim must be addressed if the "ends of justice so require").

Prior to the Supreme Court's decision in *Sawyer,* the "miscarriage of justice" standard was met "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. This "probable actual innocence" standard was applied by the Magistrate Judge when determining that McCoy's procedurally defaulted window entry claim should be evaluated on its merits.

In *Sawyer,* however, the Supreme Court announced a new test for determining whether the miscarriage of justice exception should apply: instead of showing probable actual innocence, *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649–50, a habeas petitioner who wishes to have a procedurally defaulted claim evaluated on its merits now "must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law." *Sawyer,* —— U.S. at ——, 112 S.Ct. at 2515.

■ Although the new standard required by *Sawyer* was announced in the context of a challenge to a death sentence, rather than a challenge to a conviction, we conclude that the new standard applies equally to challenges to a conviction, not just challenges to a death sentence. Our reason for this is twofold. First, although the Supreme Court announced the new "clear and convincing" standard in terms of whether the petitioner is "innocent" of the death penalty, in its opinion it also applied this new standard to a challenge to the underlying conviction. The petitioner in *Sawyer* brought procedurally barred habeas challenges to both his conviction of first-degree murder and the imposition of the death penalty. Although *Sawyer* deals largely with the issues surrounding the challenge to the imposition of the death penalty, the Court also addressed his challenges to the underlying conviction. In affirming the judgment denying the habeas petition, the Court applied the "clear and convincing" standard to the new evidence brought forth to support the challenge to the first-degree murder conviction. *Sawyer,* —— U.S. at —— n. 18, 112 S.Ct. at 2524 n. 18 and accompanying text.[4]

Second, the Supreme Court and our circuit consistently have applied the same standard to both habeas petitions challenging a criminal conviction and habeas petitions challenging the imposition of the death penalty. *See Murray,* 477 U.S. at 497, 106 S.Ct. at 2650 (applying probable actual innocence standard to a habeas challenge to the conviction in a non-capital case); *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986) (applying same standard to a challenge to the sentencing phase of a capital case); *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 1470, 1474–75, 113 L.Ed.2d 517 (1991) (same standard applied to a challenge to the underlying conviction in a capital case); *Edgemon v. Lockhart,* 924 F.2d 126, 129 (8th Cir.1990) (applying the *Murray* standard to a challenge to the underlying conviction in a non-capital case), *cert.*

---

4. Further evidence that the Court addressed both kinds of habeas challenges is seen in Justice Stevens' concurrence. Justice Stevens, who interprets the majority decision to require a different standard to be met by a defaulted habeas challenge to the underlying conviction than that required of a defaulted habeas challenge to a capital sentence, applies his proposed bifurcated test to the evidence raised by the petitioner, indicating that the habeas petition challenged both the underlying conviction and the imposition of the death sentence. *See Sawyer v. Whitley,* —— U.S. at ——, 112 S.Ct. at 2536 (Stevens, J., concurring). The evidence addressed by Justice Stevens is the same evidence to which the majority applies the new "clear and convincing" standard. *See id.* at —— ——, 112 S.Ct. at 2524.

**652**

*denied,* —— U.S. ——, 111 S.Ct. 2902, 115 L.Ed.2d 1066 (1991); *Stokes v. Armontrout,* 893 F.2d 152, 156 (8th Cir.1989) (applying same standard to a challenge to the sentencing phase of a capital case); *see also Pilchak v. Camper,* 935 F.2d 145, 148 (8th Cir.1991) (same standard applies to a challenge to the sentencing phase of a noncapital case). Nothing in *Sawyer* indicates that this practice should cease and that in its stead we should apply different tests to defaulted claims attacking state convictions and defaulted claims attacking the imposition of the death penalty. *But see Sawyer,* —— U.S. at ——, 112 S.Ct. at 2532 (Stevens, J., concurring).

The Magistrate Judge found that the window entry evidence met the "probable actual innocence" standard, and that the failure to introduce such evidence, taken together with the failure to introduce the evidence concerning the key, rose to the level of constitutionally ineffective assistance of counsel. We cannot say that the Magistrate Judge would have reached the same result using the new standard. The window entry evidence must first be evaluated under the "clear and convincing" standard announced in *Sawyer* before the merits of McCoy's ineffective assistance of counsel claim concerning counsel's failure to discover this evidence may be addressed. Accordingly, we remand the case for further proceedings consistent with this opinion. We retain jurisdiction. The Magistrate Judge shall certify to this Court his findings and conclusions on remand within sixty days from the date of this opinion.