978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Arthur WALLS, Appellant,
v.
A.L. LOCKHART, Appellee.
 No. 92-1364.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 17, 1992.
Filed: November 4, 1992.
 
 Before JOHN R. GIBSON, FAGG, AND HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arthur Walls, an Arkansas prisoner, appeals the district court's[1] denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.
 
 
 2
 Walls was charged with the rape and robbery of Cheryl Dees. At trial, Dees testified that Walls entered her place of employment at about 11:00 a.m. carrying a handgun, stole twenty dollars and some jewelry from her, and then raped her. The entire incident took about five to ten minutes. She testified that she got a good look at her assailant. She described him to the police as six feet tall, weighing 170 to 180 pounds, clean-shaven with medium-toned, smooth black skin and short hair, neatly dressed, and wearing a distinctive, silver belt buckle. Cheryl Ketchum, who worked in the same building, testified that at about 11:00 a.m., she left her office and a man approached and asked her for change for a five-dollar bill. Her description of the man matched Dees's description of her assailant. Dees saw her attacker on two subsequent occasions before his arrest and identified Walls from a six-man lineup. Both Dees and Ketchum again positively identified Walls at trial.
 
 
 3
 Walls denied committing the crimes. He claimed he had been misidentified and presented testimony from several witnesses that he had a full beard on the day in question, contrary to Dees's description of him as clean-shaven. Walls also pointed out a prominent mole and several black spots on his face, which Dees failed to include in her description of the assailant. A defense witness testified that he saw Walls at a Little Rock hospital the morning of the incident. Walls stated that he was released from the hospital and that he then returned to his home at about 10:30 a.m., where he stayed until after noon.
 
 
 4
 The jury convicted Walls of both rape and aggravated robbery. The trial court sentenced him to a total of fifty years in prison. His attorney submitted an Anders[2] brief to the Arkansas Supreme Court in which he identified several arguable appeal issues and explained why he believed they lacked merit, as required by Arkansas Supreme Court Rule 11(h). The court notified Walls of his right (which he did not exercise) to file a pro se brief, reviewed the evidence presented at trial, concluded it was sufficient to support the convictions, found no other grounds for reversal, and affirmed. Walls v. State, No. CR 83-97 (Ark. Dec. 12, 1983) (unpublished per curiam). On June 19, 1987, Walls filed a request for permission to file a motion for postconviction relief under Arkansas Supreme Court Rule 37. The Arkansas Supreme Court denied his request, and refused to file the motion because it was untimely.
 
 
 5
 Walls then filed this habeas petition, alleging that (1) counsel provided ineffective assistance at trial and on appeal; (2) the evidence was insufficient to support his conviction; and (3) the trial court deprived him of his right to effective assistance of counsel by denying his original counsel's pretrial motion for a continuance and requiring Walls to go to trial with substitute counsel nineteen days later. In support of his ineffective-assistance claim, Walls asserted that counsel failed to move to suppress Dees's pretrial identification on the ground that it was obtained as the result of an impermissibly suggestive lineup; that counsel failed to move to suppress Dees's in-court identification of him as tainted by the illegal lineup; and that counsel filed a "no-merit" appeal brief. The magistrate judge[3] ordered the State to respond and appointed counsel for Walls.
 
 
 6
 Thereafter, the magistrate judge recommended denying the petition, concluding that grounds one and three were procedurally barred because Walls had never presented them properly to the state court and had failed to show cause and prejudice for the default or make a colorable showing of actual innocence. Alternatively, the magistrate judge found that the claims lacked merit. The magistrate judge addressed the merits of Walls's challenge to the sufficiency of the evidence and rejected it. The district court adopted the magistrate judge's recommendation and dismissed the petition. This appeal followed.
 
 
 7
 Walls first argues that his procedural default of ground one is excused under the "actual innocence" exception. See Murray v. Carrier, 477 U.S. 478, 492 (1986). To qualify for this exception, a habeas petitioner must show by clear and convincing evidence that, but for a constitutional violation, no reasonable juror would have found the petitioner guilty. See Sawyer v. Whitley, 112 S. Ct. 2514, 2523 (1992); McCoy v. Lockhart, 969 F.2d 649, 650-51 (8th Cir. 1992).
 
 
 8
 Walls maintains that trial counsel was ineffective for failing to move to suppress Dees's identification testimony on the ground that the lineup from which he was chosen was impermissibly suggestive and that this also tainted her in-court identification of him. See, e. g., Neil v. Biggers, 409 U.S. 188, 198 (1972). Dees's identification testimony was the State's primary evidence against Walls at trial. He therefore argues that no reasonable juror would have convicted him had this evidence been excluded, and counsel's failure to move to suppress this testimony constituted ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 We reject this claim because no due process violation occurred in connection with the identification. Even assuming that the lineup was impermissibly suggestive, under the totality of the circumstances, it did not create a substantial likelihood of irreparable misidentification. See United States v. Lewin, 900 F.2d 145, 149 (8th Cir. 1990) (citations omitted). Dees had ample opportunity to observe Walls at very close range during the crime. She testified that the rape and robbery took between five and ten minutes. She paid close attention to Walls's appearance, and her description of him to the police was accurate. She also saw him two more times before trial, and was positive of her identification. See id.
 
 
 10
 Walls next contends that appellate counsel provided ineffective assistance by filing an appellate brief that did not comply with Anders. We decline to reach the merits of this contention. Walls did not present his Anders claim to the state court in a timely Rule 37 motion and has not shown cause for this failure or clear and convincing evidence of actual innocence. Therefore, the claim is procedurally barred from review. See McCoy, 969 F.2d at 650-51; Scroggins v. Lockhart, 934 F.2d 972, 974-75 (8th Cir. 1991); Leggins v. Lockhart, 822 F.2d 764, 768 n.5 (8th Cir. 1987), cert. denied, 485 U.S. 907 (1988). Contrary to Walls's assertion, the Arkansas Supreme Court issued a "plain statement" that it refused to consider Walls's Rule 37 motion because it was not timely-filed. See Harris v. Reed, 489 U.S. 255, 261-65 (1989).
 
 
 11
 Likewise, ground three is also procedurally barred because it has never been presented to the state courts. Walls argues that ineffective assistance of appellate counsel excuses his failure to raise this issue on direct appeal. But Walls has never presented this ineffective-assistance argument to the state courts in a procedurally proper manner. Consequently, it cannot be used to excuse his default. See Scroggins, 934 F.2d at 974-75; Leggins, 822 F.2d at 768 n.5. Moreover, Walls has failed to demonstrate that the failure to review this claim would result in a "fundamental miscarriage of justice." Murray, 477 U.S. at 492.[4]
 
 
 12
 Finally, we agree with the district court's conclusion as to ground two that Walls's challenge to the sufficiency of the evidence is meritless. Under Jackson v. Virginia, 443 U.S. 307, 318-19 (1979), we must view the evidence in the light most favorable to the State and determine whether any rational trier of fact could find Walls guilty beyond a reasonable doubt of the crimes charged. Here, Walls and Dees gave conflicting testimony. The jury found Dees more credible and convicted Walls. We must defer to the jury's resolution of the conflicting testimony. See id. at 326.
 
 
 13
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 Anders v. California, 386 U.S. 738 (1967)
 
 
 [3]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [4]
 In any event, the record reveals that Walls agreed to the substitution, that original counsel had prepared the case for trial, that he agreed to bring substitute counsel "up to speed," and that substitute counsel believed nineteen days would be sufficient. Cf. Morris v. Slappy, 461 U.S. 1, 11-14 (1983) (no Sixth Amendment violation occurred when trial court denied defendant's motion for continuance on first day of trial and required defendant to proceed with counsel who had been named as substitute six days earlier)