Huntley **RUFF**, Appellee,

v.

Bill **ARMONTROUT**, Appellant.

No. 92–2534.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1993.

Decided May 18, 1993.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, MO, argued, for appellant.

Tamra Wilson Setser, Kansas City, MO, argued, for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and NANGLE,* Senior District Judge.

BEAM, Circuit Judge.

Huntley Ruff was convicted of rape and other charges. He was sentenced as a persistent sexual offender to 160 years in the Missouri State Penitentiary. He filed a petition for a writ of habeas corpus, asserting, among other things, prosecutorial misconduct. The district court granted the writ on that ground. We reverse and remand to the district court for consideration of Ruff's other claims.

## I. BACKGROUND

This action involves a rape which occurred in Room 1806 of the Phillips House Hotel in Kansas City in 1984. The case was tried to a jury in 1985. The evidence at trial included a semen stain on the bedspread in the room

---

* The HONORABLE JOHN F. NANGLE, Senior District Judge for the Eastern District of Missouri, sitting by designation.

that did not match Ruff's blood type. There was evidence that the bedspread had been laundered several days before the rape. At trial, Ruff's theory was that the stain had been left by the rapist, who had a different blood-type than Ruff. The prosecution, on the other hand, intimated that the stain originated in an encounter involving earlier occupants of the room. Ruff was found guilty.

Later, Ruff's habeas counsel discovered that shortly before the trial, an attorney, believed to be the prosecutor, had contacted the previous occupant of the room. The previous occupant told the attorney that she had stayed in room 1806, but had not engaged in sex in the room. This ostensibly exculpatory evidence was not divulged to Ruff's attorney before trial.

In this habeas action Ruff contends that the prosecutor failed to produce or divulge this evidence in violation of Ruff's due process rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Ruff argues that the evidence was exculpatory because it would tend to support Ruff's theory: if the stain were not left by a previous occupant, it must have been left by the rapist, a person with a different blood type than Ruff. Ruff asserts prosecutorial misconduct in the prosecutor's argument and intimation that the stain had been left by the prior occupant when the prosecutor knew that information to be untrue.

Subsequently, however, the witness recanted the statement that she did not have sex in the hotel room. At a deposition taken in preparation for the habeas evidentiary hearing, the witness testified that she had, in fact, had sex in room 1809 two nights before the rape occurred. She characterized the incident as an indiscretion and further stated that she decided, after initially lying to the attorney who had called before the trial, to tell the truth if anyone asked her again. The district court found this new information to be of no import, focusing instead on the information available to the prosecutor at the time of trial. *Ruff v. Armontrout*, No. 89–0486, order at 2 n. 1 (W.D. Mo. April 16, 1992).

## II. DISCUSSION

The State of Missouri argues that the claim is procedurally barred because Ruff did not raise it in his post-conviction proceedings in state court. The district court found cause and prejudice to overcome the procedural bar. *Id.* at 5. In this case, the issue of "prejudice" in the context of procedural bar and "materiality" in the context of petitioner's *Brady* claim are essentially identical. *See Fairchild v. Lockhart*, 979 F.2d 636, 642 (8th Cir.1992) (Arnold, C.J., concurring) ("[t]he question of prejudice, in the context of a *Brady* claim, is really part of the merits"). In order to get relief on a *Brady* claim, one must show not only a failure to disclose exculpatory evidence, but also a reasonable likelihood that, if the withheld evidence had been introduced at trial, the verdict would have been different. *Id.; see also United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985) (evidence is material if there is a reasonable probability that the result would have been different if the evidence had been disclosed). Because we find that the evidence at issue was not material, Ruff has not shown the prejudice necessary to overcome the procedural bar. We need not address the issue of cause.

Prosecutorial misconduct may so infect the trial with unfairness as to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974). To constitute a due process violation, however, the prosecutorial misconduct must be " 'of sufficient significance to result in the denial of a defendant's right to a fair trial.' " *Bagley*, 473 U.S. at 676, 105 S.Ct. at 3380 (*quoting United States v. Agurs*, 427 U.S. 97, 108, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976)). In order to obtain habeas relief on his claim of improperly suppressed exculpatory evidence, Ruff must show: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material to the issue of guilt. *Cornell v. Nix*, 976 F.2d 376, 382 (8th Cir. 1992) (en banc), *cert. denied*, — U.S. —, 113 S.Ct. 1820, 123 L.Ed.2d 450 (1993). We will assume for purposes of discussion that petitioner has satisfied the first two prongs

of this test.[1]

As noted, the district court found the witness's recantation inconsequential to the analysis of the prosecutorial misconduct issue. We disagree. The new information relates directly to the materiality of the evidence. Suppressed exculpatory evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.* A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.*

Under the circumstances, we find that the suppressed evidence is not material. If Ruff were retried, the witness would testify either in accordance with her deposition testimony or in accordance with her earlier statement.[2] If she were to testify in agreement with her deposition, the testimony would not be favorable to Ruff because it reasonably explained the source of the stain. If she were to testify to the contrary, her testimony could be impeached by her deposition testimony. Additionally, even without the deposition testimony, the prosecution could convincingly argue that any number of people had access to the room in the interim between the laundering of the bedspread and the rape. The elimination of one source of the stain simply does not exonerate Ruff. In light of the other evidence against Ruff, including the victim's identification of him as her assailant, we find that this evidence would not have made any difference in the outcome of the trial. Because the evidence is not material, Ruff has not shown prejudice to overcome his procedural default on this claim.

Alternatively, the district court found, without discussion, that "[t]he failure to consider this claim of suppression would result in a 'fundamental miscarriage of justice'" which would also excuse the procedural default. *Ruff v. Armontrout*, No. 89–0486, order at 5 (quotation omitted). Again, we disagree. To obtain habeas review of a procedurally defaulted claim when there has been no showing of cause and prejudice, there must be a showing of actual innocence. *Sawyer v. Whitley,* —— U.S. ——, —— ——, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992). To show actual innocence, petitioner must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found him guilty under the applicable state law. *McCoy v. Lockhart,* 969 F.2d 649, 651 (8th Cir.1992) (the standard announced in *Sawyer v. Whitley* with reference to the death penalty applies equally to habeas challenges to convictions). Ruff has not met that standard.

### III. CONCLUSION

Accordingly, we reverse and remand to the district court for consideration of Ruff's other claims.

---

1. In light of the witness's recantation, we are not at all convinced that Ruff could prove the second prong of the test: that the evidence was favorable to him. It now appears that her testimony would have been inculpatory.

2. The district court stated there was no need for a finding of fact on whether the witness "was telling the truth in 1984 or at her deposition in 1990." *Ruff v. Armontrout*, No. 89–0486, order at 2 n. 1. We note that the witness was under oath at her deposition and hesitate to assume perjury. Accordingly, we presume that the sworn statement is valid, but we examine both possibilities.