Harold Morris McKINZY *v*. STATE of Arkansas

CR 93-79                                      853 S.W.2d 888

Supreme Court of Arkansas
Opinion delivered June 1, 1993

*William R. Simpson*, Public Defender, by: *Andy O. Shaw*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Harold Morris McKinzy appeals his two convictions of aggravated robbery of two employees of a Harvest Foods store in Little Rock. The employees, Karen Harbour and Johnny Dale Burris, were closing and leaving the store shortly after midnight on February 14, 1992. When Harbour was locking the door as she left, McKinzy placed his arm around Harbour's throat, stabbed her in the back with a knife and threw her to the ground. He grabbed a sack Harbour was carrying, looked in it and found only some greeting cards. McKinzy, holding the knife, resumed his menacing attack on Harbour, and she fought back, screaming. Burris heard Harbour's screams, and went to her rescue. While Burris was engaged in combat with McKinzy, Harbour, at Burris's behest, returned inside the store, locked the door and dialed 911 for help. Meanwhile, Burris fought McKinzy by throwing a one hundred pound item described as a "paper machine" at McKinzy and by hitting him with a garbage can Burris found in the store parking lot. During this fight, McKinzy stabbed and slashed Burris repeatedly, demanding Burris to "give me the money." McKinzy, during the early stage of combat with Burris, had picked up a bag Burris was carrying, looked in it and apparently was again foiled by finding no money.

Two men, Mark C. Barnhill and Stephen Criner, had heard Harbour's screams, saw her and Burris in distress and went to their aid. Upon Barnhill's and Criner's arrival at the scene, McKinzy saw them and ran away. Barnhill and Criner pursued and caught McKinzy, but not without a struggle. The police then arrived and placed McKinzy under arrest.

McKinzy's sole argument on appeal is that he committed only one aggravated robbery, not two, because he sought to take only the store's money, therefore, just one transaction occurred. He relies on *Wheat* v. *State*, 297 Ark. 502, 763 S.W.2d 79 (1989), where this court held the course of conduct by Wheat resulted in one offense of aggravated robbery, and not three, even though three persons were present in a pharmacy when it was robbed.

There, Wheat, who was armed with a pistol, entered the pharmacy, forced two clerks to lie on the floor while he ordered the third person, a pharmacist, to gather money and narcotics. The court held Wheat's robbery was one single transaction because Wheat neither took nor manifested any intention of taking property from two of the three pharmacy personnel.[1] Such is not the situation before us now.

■ We have said that the Arkansas Criminal Code, in redefining robbery, focuses on the threat of physical harm to the victim and that one consequence of the definition is that the offense is complete when physical force is threatened; no transfer of property need take place. *Robinson* v. *State*, 303 Ark. 351, 797 S.W.2d 425 (1990); *Mitchell* v. *State*, 281 Ark. 112, 661 S.W.2d 390 (1983); *Jarrett* v. *State*, 265 Ark. 662, 580 S.W.2d 460 (1979). In *Mitchell*, the court, in defining aggravated robbery, explained that ownership is not an element of proof and that the offense of aggravated robbery was complete with the threat of physical harm and the intent to commit theft.

■ Here, McKinzy attempted and administered serious physical harm on Harbour and Burris when manifesting an intent to commit theft. First, he attacked Harbour, taking her bag but finding nothing in it. The result was the same when he looked into the bag that had been carried by Burris. McKinzy was looking for money belonging to Harvest Foods or, inferentially, for anything of value which these two store employees might have possessed. Whether the money McKinzy sought was Harvest Foods' is of no consequence. The gravamen of the offense occurred when McKinzy attempted to inflict and did inflict serious physical injury upon each Harbour and Burris while at the same time manifesting an intent to find money in their possession.

For the reasons above, we affirm McKinzy's two convictions of aggravated robbery.

---

[1] No argument or discussion was made concerning whether Wheat was guilty of aggravated assault of the two clerks who were threatened and forced to lie on the pharmacy's floor.