**Ray Eugene McDANIEL, Appellee,**

v.

**Larry NORRIS, Acting Director, Arkansas Department of Corrections, Appellant.**

No. 93–2884.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1994.

Decided Oct. 25, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 5, 1995.*

Olan W. Reeves, Asst. Atty. Gen., Little Rock, AR, argued, for appellant.

Roger B. Harrod, Little Rock, AR, argued, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BOWMAN, Circuit Judge.

The District Court granted Ray Eugene McDaniel a writ of habeas corpus, and the state of Arkansas appeals. We reverse.

* McMillian, Circuit Judge, would grant the sugges-    tion for rehearing en banc.

## I.

In 1986, McDaniel climbed through the drive-through window of a Wendy's restaurant after the main dining area had closed. He grabbed a non-employee who was helping close the restaurant and made a long cut on his throat with a knife. McDaniel then grabbed a manager, wrapped his arm around her neck, and pressed the knife into her back. McDaniel made clear to his two victims his demands for money. When another employee entered the area, McDaniel ordered him to open the register. When that employee told McDaniel he did not know how to open the register, and the manager stated that the money already had been removed from the register, McDaniel herded all three victims into a back room, and then took a set of keys from the manager and approximately $300 from the restaurant.

In 1987 an Arkansas jury convicted McDaniel of three counts of aggravated robbery and one count of theft of property based upon this conduct. McDaniel was sentenced to serve forty years in prison. McDaniel's convictions were affirmed, *McDaniel v. State,* 294 Ark. 416, 743 S.W.2d 795 (1988), and his attempt to gain state postconviction relief was unsuccessful.

McDaniel later sought federal habeas relief. He alleged that he had intended to steal only from Wendy's, and thus that his actions constituted a single continuous course of conduct that would support but one aggravated robbery conviction. Therefore, he concluded, the state had violated his double jeopardy rights by convicting him of three counts of aggravated robbery. He relied on *Wheat v. State,* 297 Ark. 502, 763 S.W.2d 79, 80 (1989) (per curiam), for support. The state argued *inter alia* that McDaniel's double jeopardy claim was procedurally barred because he never raised it in state court. The District Court granted the writ and ordered that McDaniel be resentenced on one count of aggravated robbery. The state appeals.

## II.

■ The parties agree that McDaniel's double jeopardy claim is procedurally defaulted because he failed to raise it in state court. A procedural default may be excused so that a federal habeas court will consider the merits of the prisoner's claim if the prisoner shows cause for the default and prejudice from the alleged violation of federal law. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). The District Court concluded that McDaniel had not shown cause and prejudice, and McDaniel does not challenge this ruling on appeal.

■ Alternatively, a prisoner who is unable to show cause and prejudice still may obtain federal habeas review of the merits of his claim if he is able to show that the fundamental-miscarriage-of-justice exception applies. This exception applies only if the prisoner is factually—not just legally—innocent of the crime of which he was convicted. *Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992); *Nolan v. Armontrout,* 973 F.2d 615, 617 (8th Cir.1992). Under the *Sawyer* standard, which this Circuit has held applies to guilt determinations, *McCoy v. Lockhart,* 969 F.2d 649, 651 (8th Cir.1992), a court will reach the merits of the constitutional claim "only where the habeas petitioner demonstrates by clear and convincing evidence that, but for the alleged constitutional error, no reasonable juror would have found the petitioner guilty of the crime of which he was convicted." *Wallace v. Lockhart,* 12 F.3d 823, 827 (8th Cir.1994).

■ McDaniel claims he is actually innocent of his robbery convictions, save one, because he did not intend to steal from anyone but Wendy's. Under Arkansas law, however, one commits aggravated robbery by threatening or using force to take property from another, even if the property did not belong to the victim, and even if the robbery attempt was unsuccessful. *See McKinzy v. State,* 313 Ark. 334, 853 S.W.2d 888, 889 (1993); *Robinson v. State,* 303 Ark. 351, 797 S.W.2d 425, 425–26 (1990).

■ McDaniel has made nothing more than a bald assertion that he did not intend to take property (even that belonging to Wendy's) from each of the three victims he encountered at Wendy's. This is not a clear

and convincing showing of actual innocence. To the contrary, the evidence the state offered at McDaniel's trial demonstrates that McDaniel made it clear to each of his victims that he wanted money, and there is no indication he was overly concerned about its source. The record thus shows that McDaniel clearly did far more than simply "h[o]ld [the victims] at bay," as McDaniel suggests in his brief, Brief for Appellee at 11, and as happened in *Wheat*, 763 S.W.2d at 80. We conclude that McDaniel has fallen far short of making the showing of actual innocence necessary for us to reach the merits of his constitutional claim.[1]

### III.

Because McDaniel has not met the standard required for a showing of actual innocence, the District Court erred in reaching the merits of McDaniel's procedurally barred constitutional claim and in granting McDaniel habeas relief. The judgment of the District Court is reversed.

HEANEY, Senior Circuit Judge, dissenting.

Ray Eugene McDaniel, a young black male, was convicted of aggravated robbery by an all-white jury in Arkansas state court. Even though he obtained less than $300 and a set of keys in the robbery, he was sentenced to forty years imprisonment. He has served eight years of that sentence. The learned district court granted McDaniel habeas relief; we should do the same.

The majority does not reach the merits of McDaniel's double jeopardy claim because it concludes that technically McDaniel has not shown he is "actually innocent" of two of the three counts of aggravated robbery. I would address the merits because, in my view, McDaniel has made a clear and convincing showing that, absent a double jeopardy violation, no reasonable juror would have found him guilty of three separate counts of robbery under Arkansas law. *See Ruff v.*

*Armontrout*, 993 F.2d 639, 642 (8th Cir.1993) (actual innocence standard). McDaniel therefore is entitled to the relief he seeks.

The Double Jeopardy Clause of the Fifth Amendment protects defendants against multiple punishments in the same proceeding for the same offense. U.S. Const. amend. V; *United States v. Cavanaugh*, 948 F.2d 405, 414 (8th Cir.1991). In a 28 U.S.C. § 2254 proceeding, "a federal court should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes." *Mansfield v. Champion*, 992 F.2d 1098, 1100 (10th Cir.1993). Although not bound by a state court's legal conclusion as to when a double jeopardy violation occurs, this court is bound to accept Arkansas's construction of its state statutes. *See Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).

The Arkansas Supreme Court has addressed the precise issue of whether a course of conduct like McDaniel's warrants multiple aggravated robbery counts. *See Wheat v. State*, 297 Ark. 502, 763 S.W.2d 79, 80 (1989) (per curiam). In *Wheat*, the court held that the defendant committed only one aggravated robbery, not three, when he entered a pharmacy and forced two clerks to lie on the floor at gunpoint while he forced a pharmacist to gather money and drugs. The court concluded Wheat threatened all three employees, but "he neither took nor manifested any intention of taking property individually from each of them." *Id.* Thus, double jeopardy principles and Arkansas law prohibited Wheat's three separate robbery counts for each person he threatened. *Id.*

The record in this case clearly shows McDaniel sought and obtained only the restaurant's money, which he took off a desktop in the back room. McDaniel did direct a manager to give him keys, which he used to enter the back room. There was no evidence that he attempted to take property from the personal possession of any other employees.

---

1. Our disposition of this case on procedural bar grounds makes it unnecessary for us to consider the state's arguments that *Wheat v. State*, 297 Ark. 502, 763 S.W.2d 79 (1989) (per curiam), announced a new rule, the application of which

is barred on federal habeas review by *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and that the District Court erroneously construed *Wheat* as applying in this case.

Because McDaniel did not manifest an intent to take property individually from each person, he should not have been convicted of three separate counts. The majority's attempt to distinguish *Wheat* is unavailing—it is undisputed both here and in *Wheat* that the defendant threatened more than one person. The missing element in both cases is not the absence of threat or injury toward each individual, but the lack of manifestation of intent to commit theft toward each individual. In my view, *Wheat* is wholly analogous to this case and directs the conclusion that McDaniel committed only one count of aggravated robbery under Arkansas law. Double jeopardy principles prohibit McDaniel's three separate convictions for this single offense. *See Cavanaugh,* 948 F.2d at 414.

McDaniel's showing of actual innocence lifts the procedural bar. *See Ruff,* 993 F.2d at 642. For the same reasons McDaniel has shown actual innocence, he has in my view demonstrated the merit of his underlying claim. Accordingly, I would affirm the district court's order requiring the state to resentence McDaniel for one count of aggravated robbery within 120 days or, absent timely resentencing, issuing the writ of habeas corpus.