# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3444

_____

United States of America,

          Appellant,

v.

Jeffrey Wiley,

          Appellee.

*
*
*
*
*
*   Appeal from the United States
*   District Court for the Northern
*   District of Iowa.
*
*

_____

Submitted:  March 12, 2001

Filed:  April 9, 2001

_____

Before RICHARD S. ARNOLD and MORRIS SHEPPARD ARNOLD, Circuit
Judges, and MONTGOMERY,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The United States appeals from the district court's judgment in a proceeding under 28 U.S.C. § 2255 reducing Jeffrey Wiley's sentence from 188 months to 151 months.  We reverse.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, sitting by designation.

Mr. Wiley was convicted eight years ago of four violations of the federal drug laws involving the distribution of marijuana, and his convictions and sentence were upheld on appeal. *See United States v. Wiley*, 997 F.2d 378 (8th Cir. 1993), *cert. denied*, 510 U.S. 1011 (1993). In the instant post-conviction proceeding, he raised a number of matters in the district court, only one of which, the mental competence of the judge who sentenced him, is before us. The district court reviewed and reduced Mr. Wiley's sentence, relying entirely on the record of the original sentencing hearing, after it adopted a magistrate judge's ruling that the sentencing judge "might not have exercised appropriate judgment" and "that there is a reasonable probability that Wiley would have received a different sentence if the [sentencing] judge had been better able to evaluate the evidence presented at sentencing."

As the government points out, the magistrate judge's somewhat tentative finding that the original sentencing judge "might not have exercised appropriate judgment" could not furnish a proper basis for reviewing Mr. Wiley's sentence, and the government argues that the district court's action in doing so was reversible error on this ground alone. We pass over this point, however, because we think it probable that the magistrate judge intended to find that the sentencing judge was not mentally competent to determine Mr. Wiley's sentence, and resorted to a somewhat oblique circumlocution because of the delicacy of the matter. We assume, too, that the district court construed the magistrate judge's language as a holding that the sentencing judge was incompetent.

Even so, we believe that the district judge erred in resentencing Mr. Wiley, because Mr. Wiley raised the issue of the sentencing judge's competence in his direct appeal and the issue was decided against him. *See Wiley*, 997 F.2d at 386. Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255. *See United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000) (*per curiam*).

The district court recognized this well established principle in refusing to grant Mr. Wiley a new trial on the basis of the trial judge's incompetence, but thought that the miscarriage-of-justice exception to the rule against relitigating matters decided on direct appeal required a reexamination of the sentence. We do not think that any such distinction is tenable, but in any event we hold that the exception invoked by the district court is not available in the present context. We have recognized such an exception only when petitioners have produced convincing new evidence of actual innocence, *see*, *e.g.*, *Weeks v. Bowersox*, 119 F.3d 1342, 1350-51 (8th Cir. 1997) (*en banc*), *cert. denied*, 522 U.S. 1093 (1998), and *McDaniel v. Norris*, 38 F.3d 385, 386 (8th Cir. 1994), *cert. denied*, 516 U.S. 826 (1995), and the Supreme Court has not extended the exception to situations beyond those involving a petitioner's actual innocence. Indeed, the Court has emphasized the narrowness of the exception and has expressed its desire that it remain " 'rare,' " *Schlup v. Delo*, 513 U.S. 298, 321 (1995), quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986) (opinion of Powell, J.), and available only in the " 'extraordinary case,' " *Schlup*, 513 U.S. at 321, quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

We conclude that Mr. Wiley's constitutional claim is not so different from other constitutional claims that the miscarriage-of-justice exception to the finality rule ought to be extended to him. If it is available to him, we see no convenient stopping point, for it would be available to any § 2255 petitioner whose constitutional claim had already been decided.

Here Mr. Wiley has produced no new evidence that he is actually innocent. Even if he had produced new and convincing evidence that he is actually innocent of the sentence imposed, which he did not, he could not prevail because we have held that the actual-innocence exception does not apply to noncapital sentences. *See Embrey v. Hershberger*, 131 F.3d 739, 740-41 (8th Cir. 1997) (*en banc*), *cert. denied*, 525 U.S. 828 (1998). What Mr. Wiley in fact produced to the trial court was new evidence (in the form of affidavits from jurors, lawyers, persons who attended Mr. Wiley's trial, and

Mr. Wiley himself) tending to show that the sentencing judge was incompetent, and, as we have said, such evidence cannot provide a sufficient reason to overlook the fact that Mr. Wiley already raised the issue of the judge's incompetence on direct appeal and lost.

We concede that there may be at least a theoretical difference between an ability, on the one hand, to appreciate and apply legal rules, and an ability, on the other hand, to find facts and weigh considerations that bear on an appropriate length for a sentence. But Mr. Wiley did not argue this distinction as an explanation for the district court treating his claim for a new trial differently from his claim that he deserved to be resentenced. Even if he had, the question would arise whether the § 2255 petition should not have been dismissed for failure to raise on appeal a separate and distinct claim that he was entitled to resentencing. *See United States v. Bailey*, 235 F.3d 1069, 1071-72 (8th Cir. 2000).

For the reasons indicated, we vacate the sentence and remand to the district court with instructions to reinstate Mr. Wiley's original sentence of 188 months.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.