RILEY, Chief Judge,
concurring in part and dissenting in part.
I concur with the majority that Theus’s counsel was not ineffective in failing to move for a new trial and that Theus was not prejudiced by counsel’s failure to file a supplemental brief before this court on direct appeal. However, because I cannot agree with the majority’s conclusion that Theus was prejudiced by counsel’s failure to raise the sentencing prejudice issue, I respectfully dissent.
As an initial matter, it is worth noting the “well established principle” that “[tissues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.” United States v. Wiley, 245 F.3d 750, 752 (8th Cir.2001). Failure to raise an issue at trial or on direct appeal, of course, may be raised in a § 2255 proceeding if the defendant can show he was prejudiced by, among other things, the ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The familiar test for Strickland prejudice is a showing by the defendant “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id.
The majority holds Theus’s counsel was ineffective because, at sentencing and on direct appeal, counsel focused on what I will call “conviction prejudice,” embodied by the spillover argument he made on direct appeal, and thereby waived a related theoretical sentencing prejudice argument. Theus suggests he was prejudiced by counsel’s failure to raise the sentencing prejudice issue because a variance between the crime for which he was indicted and the crime of which he was convicted resulted in his being subject to a ten-year, rather than to a five-year, statutory mandatory minimum sentence. In my view, Theus’s claims of sentencing prejudice were considered and rejected by this court on direct appeal and, lacking merit, could not have altered Theus’s sentence.
*450 In affirming Theus’s conviction on direct appeal, this court “conclude[d] that even if there was a variance, Theus’s substantial rights were not affected and that sufficient evidence supports his conviction.” United States v. Theus, 230 Fed.Appx. 642, 643 (8th Cir.2007) (unpublished per curiam). The court elected not to decide whether there was a variance, and determined sufficient evidence supported Theus’s conviction regardless. Thus, if there were no variance, there was sufficient evidence to support the charged conviction, and if there were a variance there was sufficient evidence to support the varied conviction.
If there were no variance, any failure by Theus’s counsel to raise the issue could not have prejudiced him, because the district court sentenced Theus to the ten-year mandatory minimum for the powder cocaine conspiracy. If, however, there were a variance, then counsel’s failure to raise the issue of the lower mandatory minimum sentence theoretically could have prejudiced Theus. But Theus could only have been prejudiced if he would have been subject to a lower mandatory minimum for the drugs in the varied conspiracy. The only potential variance at work in this case is between the charged powder cocaine conspiracy and a smaller uncharged crack cocaine conspiracy.[5] The ten-year mandatory minimum sentence applies to five kilograms of cocaine, or 50 grams or more of cocaine base. See 21 U.S.C. § 841(b)(l)(A)(ii)(II) and (iii).
Theus experienced no sentencing prejudice because, even if there were a variance, Theus is liable for at least 50 grams of cocaine base. The majority opinion discusses how Theus and co-conspirator Scott purchased cocaine, converted it into crack, and sold it. Ante, at 443-44. “One of Theus’s customers testified that he purchased crack cocaine from Theus from 2003 through 2004, buying $100 quantities two to three times each week.” Id. This amounts to sales of approximately two to three grams of crack cocaine per week because “Scott testified that he typically sold a gram of crack cocaine to a customer for $100 cash.” Id. Thus, Theus more than doubly exceeds the fifty grams required to trigger the ten-year mandatory minimum from a single customer. In further support, Scott pled guilty under a separate indictment to conspiring to distribute more than 50 grams of crack cocaine.
I believe the prior panel was thinking along these lines when it held there was no prejudice even if there were a variance. That determination is the law of the case and binds us today. See, e.g., Baranski v. United States, 515 F.3d 857, 861 (8th Cir.2008) (“[T]he law of the case ... will not be disturbed absent an intervening change *451 in controlling authority.”). Counsel could not have been ineffective where, as here, raising the argument would not have changed the result of the proceeding. Moreover, far from deficient performance, counsel’s decision not to raise this issue before the district court or on direct appeal, and thus not risk a much higher Guidelines sentence for crack distribution, may well have been a sound tactical choice. See Strickland, 466 U.S. at 689, 104 S.Ct. 2052 (recognizing defense counsel must have “wide latitude” in making tactical decisions). I would affirm the district court’s denial of Theus’s § 2255 motion.

. Nothing in the record indicates Theus bought powder cocaine merely for resale. (See App. 42 (The district court found "Theus ... bought powder cocaine from Delbosque and then rocked up the cocaine and sold it as crack cocaine, sometimes with the help of his uncle, Roosevelt Scott.”), 51 (The district court "believe[d] that the Defendant and Roosevelt Scott were jointly involved in their own conspiracy with regard to distributing powder cocaine that the defendant turned into crack.”).) While it is true Theus was charged and convicted of the larger powder cocaine conspiracy, the record is clear, to the extent the district court identified a smaller uncharged conspiracy, the smaller conspiracy involved the production and distribution of crack cocaine. Whether a variance involving the drug type is permissible presents some interesting questions, particularly in the powder/crack cocaine area, but those issues are not before the court. Instead, Theus argues counsel was ineffective for failing to argue Apprendi v. New Jersey, 530 U.S. 466, 495, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding facts elevating a sentence beyond the statutory maximum must be found by a jury), operates to require a jury determination of the amount of crack cocaine in order for Theus to be subject to the mandatory minimum.